Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>[Removed from Los Angeles Superior Court, Case No. 24STCP01592]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>**[CAFA JURISDICTION]**<br><br>Original Complaint Filed: May 15, 2024<br>FAC Filed: June 5, 2024<br>FAC Served:  June 7, 2024 |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant UNIVERSITY OF SOUTHERN CALIFORNIA ("USC"), erroneously sued as "Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA,"[1] hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. For the reasons set forth below, this Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 putative class members.

In support of this removal, USC states the following:

1. On May 15, 2024, Plaintiff "DOE Jewish Faculty Member 2004" filed a putative class action complaint ("Original Complaint") entitled *DOE Jewish USC Faculty Member 2004 v. Trustees of the University of Southern California*, Case No. 24STCP01592, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. On June 5, 2024, Plaintiff "DOE Jewish Faculty Member 2004," along with new plaintiff "DOE Jewish USC Student 1987," filed an amended putative class action complaint, bringing the same set of claims against USC as the Original

---

[1] Plaintiffs' complaints were modeled after a separate lawsuit filed by Plaintiffs' counsel against the "Regents of the University of California, Los Angeles" on May 13, 2024. Although the "Regents of the University of California" is an incorporated legal entity, the "Trustees of the University of Southern California" is not. Moreover, the operative complaint references USC itself as the defendant, not USC's Board of Trustees. *See, e.g.*, First Amended Complaint at ¶ 11 ("The Defendant University, one of America's leading universities…"); ¶ 55 ("Defendant University is a California private public benefit corporation, controlled by its Board of Trustees."). The First Amended Complaint is included in Exhibit A, beginning on page 42.

Complaint (the "First Amended Complaint" or "FAC"). In particular, in the First Amended Complaint, Plaintiffs assert claims for violations of the Bane, Unruh and Ralph civil rights acts (Counts 1-3), as well as claims for negligence, breach of contract, assault, battery, declaratory relief, and injunctive relief (Counts 4-9). *See* FAC at ¶¶ 63-113. The two Plaintiffs, who assert they are a USC professor and USC student, respectively, brought the First Amended Complaint on behalf of themselves "individually and on behalf of all others similarly situated." *Id.* at ¶¶ 22, 33; *see also id.* at 60 (suing "on behalf of all other similarly situated Jewish professors"), 61.

3. Plaintiffs seek injunctive relief, declaratory relief, compensatory damages, and attorneys' fees and costs.

4. As a preliminary matter, USC denies the factual allegations of both complaints and denies that: (i) it has any liability to Plaintiffs or any members of the putative class they seek to represent; (ii) any class can be or should be certified in this action; and (iii) Plaintiffs or any putative class members are entitled to any damages or relief in this matter. That said, for the reasons set forth below, all requirements of CAFA are satisfied and removal to the United States District Court for the Central District of California is proper.

5. By filing this Notice of Removal, USC does not waive any defense to the First Amended Complaint.

## **COMPLIANCE WITH STATUTORY REQUIREMENTS**

6. USC was served with a copy of the summons, First Amended Complaint and Original Complaint on June 7, 2024. Neither the Original Complaint nor the First Amended Complaint was served on USC prior to June 7, 2024.

7. USC has not yet answered or otherwise responded to the Original Complaint or the First Amended Complaint, nor has its time to respond expired.

8. This notice of removal is timely because it is filed with this Court within 30 days of the date USC was first served. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. Proc. 6(a)(1)(C); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 (9th Cir.

2019) (under FRCP 6(a)(1)(C), removal "timely filed" on following Monday when removal window ended on a Sunday); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on USC is attached hereto as **Exhibit A**.

10. Pursuant to 28 U.S.C. § 1446(d), USC will file a copy of this Notice of Removal with the clerk of the State Court Action, and will serve Plaintiffs through their attorney of record in the State Court Action with this Notice promptly after its filing.

## VENUE

11. Removal to this federal judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the State Court Action was originally pending in this judicial district, namely the Superior Court of the State of California for the County of Los Angeles.

## SUBJECT MATTER JURISDICTION - CAFA

12. The Court has original subject matter jurisdiction over this action pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, a district court has original jurisdiction over any civil action styled as a class action in which: (i) the number of members of the proposed plaintiff class is not less than 100, in the aggregate; (ii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) any member of a class of plaintiffs is a citizen of a State or country different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(5); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020). If a state court putative class action meets all three requirements, it may be removed to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."); *see also Benko v. Quality Loan Service Corp.*, 789 F.3d. 1111, 1116 (9th Cir. 2015) ("CAFA's language favors federal jurisdiction over class actions")

(internal citation and quotation omitted). As set forth below, all requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

13. Moreover, "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2015) (internal quotation and citation omitted). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading," and "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quotation marks and citations omitted).

**The Proposed Class Has More Than 100 Members.**

14. Based on the allegations of the First Amended Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs seek to certify a class of Jewish USC faculty members and Jewish students. *See* FAC ¶¶ 22, 33, 60, 61. As discussed in the accompanying Declaration of Frank Chang, attached hereto as **Exhibit B**, USC does not require its students to disclose their religious affiliation to USC, and, as a result, it does not know the religious affiliation of the vast majority of its students. *See* Ex. B, Chang Decl., ¶ 3. However, over 100 students enrolled in USC in the Spring of 2024 have self-reported their religious affiliation as Jewish to USC's Registrar's Office. *Id.*, ¶ 4. On top of that, Plaintiffs allege that a "substantial" number of USC's faculty of "over 7,000" people are "similarly situated Jewish Professors." FAC ¶ 22. Accordingly, the proposed class has more than 100 members.

**The Amount In Controversy Exceeds $5 Million.**

15. The First Amended Complaint does not plead a specific amount of damages, though the amount in controversy is ascertainable from the allegations set forth in the complaint about the "amount at stake." *See Greene*, 965 F.3d at 771 (courts "first look to the complaint" to determine the amount in controversy). "'Amount at stake' does not mean likely or probable liability; rather, it refers to

*possible* liability." *Id.* (emphasis added); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."). In short, to meet CAFA's amount-in-controversy requirement, a defendant needs only to "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772; *see also Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Korn*, 536 F. Supp. 2d at 1204-05 ("a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages").

16. "Among other items, the amount in controversy includes damages . . . the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes . . . ." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *see also Greene*, 965 F.3d at 774 n.4 ("A defendant does not need to prove to a legal certainty that a plaintiff will be awarded the proffered attorneys' fees in the removal notice") (internal quotation and citation omitted).

17. Here, Plaintiffs seek damages for an alleged "reign of terror" by "Campus Terrorists" that lasted "for weeks on end" intended to "terrorize, intimidate, assault, and shame Jewish Students and Faculty members" and placed them "at severe emotional and physical risk." FAC ¶¶ 2, 6, and 17. According to Plaintiffs, USC has allowed "severe and pervasive" antisemitism to "fester" and its conduct is an "egregious violation" of the civil rights laws. *Id.* at ¶¶ 11, 19, and 69. Plaintiffs claim that as a result, Plaintiffs "have been robbed of their college and graduate school experience" which, according to Plaintiffs, cost them "$200,000" each. *Id.* at ¶¶ 20,

90. Applying that figure to the smallest possible class of 100 members alone puts the amount-in-controversy well over $5 million.

18. Plaintiffs also assert that USC "must now be compelled to implement institutional, *far-reaching*, and concrete remedial measures." *Id.* at ¶ 20 (emphasis added). Plaintiffs ask for an injunction that, among other things: (i) "prevent[s] [USC] from continuing to create and sponsor a dangerous condition of public property;" (ii) "prevent[s] [USC] from continuing to support antisemitic and discriminatory conduct on campus;" and (iii) "prevent[s] outside funding by antisemitic groups and organizations." *Id.* at ¶ 26; *see also id.* at ¶ 43 (Plaintiffs can "no longer feel safe on campus without USC's intervention and systemic and institutional changes.").

19. In addition, Plaintiffs seek recovery of attorneys' fees, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction. *See id.* at ¶ 27.

20. Without conceding liability, the appropriateness of class treatment and injunctive relief, the validity of Plaintiffs' allegations or claims for relief, or that awarding attorneys' fees is appropriate, it is clear that here, "the potential liability exceeds $5 million" and the amount-in-controversy requirement under CAFA is satisfied. *Greene*, 965 F.3d at 772.

**There Is Minimal Diversity Between the Parties.**

21. In this matter, minimal diversity exists because USC and members of the alleged putative class are citizens of different states and countries. 28 U.S.C. § 1332(d)(2).

22. USC is a private, not-for-profit public benefit corporation organized and existing under the laws of the State of California. Thus, USC is a citizen of California. Further, USC is not a state, state official, or other governmental entity.

23. The Original Complaint and the First Amended Complaint are silent as to Plaintiffs' citizenship. Their citizenship, however, is not essential for establishing CAFA jurisdiction because even if they are citizens of California: (i) at least one

member of the putative class is a citizen of a state other than California, and (ii) at least one member of the putative class is a foreign citizen. *See* 28 U.S.C. § 1332(d)(2) (only requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State" for minimal diversity). Specifically, more than one of the USC students who have self-reported their religious affiliation as Jewish to USC's Registrar's Office are from states outside of California (including at least one from New York), and at least one is a citizen of a country outside of the United States (including one from Guatemala). *See* Ex. B, Chang Decl., ¶ 4.

24. Further, Plaintiffs' proposed classes include Jewish USC faculty members and USC students regardless of their citizenship. *See* FAC ¶¶ 22, 33, 60, 61. Given that a substantial part of USC's student body consists of students from outside California, the idea that *every* Jewish student at USC is a citizen of California "is simply beyond belief." *Hicks v. Grimmway Enterprises, Inc.*, No. 22-CV-2038, 2023 WL 3319362, at *8 (S.D. Cal. May 9, 2023) (where class of purchasers was not limited to California citizens, the "contention that not one of those products was purchased by a non-California, non-Delaware citizen is simply beyond belief."); *see also King v. Safeway, Inc.*, No. C-08-0999, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 2008) (defendant showed minimal diversity where class consisted of "persons in the State of California" who purchased a product and the defendant had stores near other states); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 163 (D. Mass 2007) ("[T]his putative class that is composed entirely of residents of Massachusetts, does not, by definition, foreclose the inclusion of non-citizens as well. This suffices to support the assertion of federal jurisdiction in this [CAFA] case."). Accordingly, the minimal diversity requirement is therefore satisfied.

WHEREFORE, USC notices the removal of this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

Dated: July 8, 2024                           Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
     Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA