1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DOE JEWISH USC FACULTY
MEMBER 2004 and DOE JEWISH
USC STUDENT 1987, Individually
And On Behalf of All Others
Similarly Situated,

                    Plaintiffs,

      v.

Trustees of THE UNIVERSITY OF
SOUTHERN CALIFORNIA, a private
public benefit corporation; and DOES 1
through 100, inclusive,

                    Defendants.

Case No. 2:24-cv-05712 FLA (SSC)

**THE PARTIES' JOINT STIPULATION TO CONTINUE:**

**(1) THE HEARING ON DEFENDANT'S MOTION TO DISMISS; AND**

**(2) THE SCHEDULING CONFERENCE**

      Plaintiffs "Doe Jewish USC Faculty Member 2004" and "Doe Jewish Student 1987" and Defendant University of Southern California (together, the "Parties") stipulate to continue: (1) the August 16, 2024 hearing date for Defendant's Motion to Dismiss (Doc. No. 10); and (2) the August 30, 2024 Scheduling Conference (Doc. No. 12). Specifically, the Parties stipulate to continue as follows:

PARTIES' JOINT STIPULATION TO CONTINUE: (1) THE HEARING ON DEFENDANT'S MOTION TO
DISMISS; AND (2) THE SCHEDULING CONFERENCE

| | Current Date | Rescheduled Date |
|---|---|---|
| Hearing on Defendant's Motion to Dismiss | Friday, Aug. 16, 2024 | Friday, Sept. 20, 2024 |
| Scheduling Conference | Friday, Aug. 30, 2024 | Friday, Nov. 1, 2024 |

Continuing this hearing and Scheduling Conference will allow the Court to first address the threshold issues of subject matter jurisdiction and whether Plaintiffs have stated a claim:

1.     On May 15, 2024, Plaintiff Doe Jewish USC Faculty Member 2004 filed a Complaint in state court.  Doc. No. 1, Ex. A-8.  The Complaint sought damages, injunctive, and other relief individually and on behalf of a putative class.  On June 5, 2024, Plaintiffs filed their First Amended Complaint ("FAC") in state court.  Doc. No. 1, Ex. A-7.

2.     On July 3, 2024, the Parties met and conferred via telephone conference to discuss Defendant's views on the deficiencies in the FAC and Defendant's forthcoming Motion to Dismiss.  Counsel also exchanged follow-up emails on July 4, 2024.

3.     Defendant removed the case to this Court on July 8, 2024, pursuant to the Class Action Fairness Act ("CAFA").  Doc. No. 1 (Notice of Removal); *see* 28 U.S.C. §§ 1332(d) and 1453.

4.     On July 12, 2024, the Court issued its Order to Show Cause Why Action Should Not Be Remanded For Lack of Subject Matter Jurisdiction. Doc. No. 9.  The Order instructs the Parties to show cause "why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold" by July 26, 2024.  *Id.* at 3.  The ECF system did not enter or process the order until July 15, 2024, at which time the Parties were notified of the Order.

- 2 -

5.      On July 15, 2024, Defendant filed its Motion to Dismiss the FAC as required by Rule 81(c)(2)(C) (seven days to answer or move to dismiss after removal). *See* Doc. No. 10. Defendant noticed a hearing date of Friday, August 16, 2024. *Id.*

6.      On July 16, 2024, the Court set a Scheduling Conference for August 30, 2024. Doc. No. 12.

7.      That same day, Plaintiffs informed Defendant that it intends to seek remand of this action to state court with their response to the Court's Order to Show Cause.

8.      After further discussion, the Parties agreed to move the Court to (1) continue the hearing on the Defendant's Motion to Dismiss until September 20 (allowing the threshold issue of subject matter jurisdiction to be resolved); and (2) continue the Scheduling Conference until November 1 (allowing the Defendant's Motion to Dismiss to be resolved).

9.      "[T]he Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987) (collecting cases). This Court's Civil Standing Order requires "good cause" to move or continue a scheduled date, including a detailed description justifying the request. Doc. No. 8, at 16-17; *cf.* Fed. R. Civ. P. 16(b)(4). The touchstone of good cause is "reasonable[ness]" in light of the circumstances. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

10.     In assessing whether good cause has been shown, courts generally consider "the efficient adjudication of [the] case" and the diligence of the parties. *Colibri Heart Valve LLC v. Medtronic Corevalve LLC*, No. SA-CV-2000847-DOC-JDE, 2021 WL 5986915, at *2 (C.D. Cal. Nov. 4, 2021); *Cecala v. Newman*, No. CV 04-02612-PHX-NVW, 2007 WL 9724852, at *2 (D. Ariz. Apr. 2, 2007) (noting a Court may take "sensible measures" to promote "the efficient management of its

- 3 -

docket"). Both considerations support continuing the noticed motion hearing and the Scheduling Conference.

11. **First**, rescheduling the motion hearing and Scheduling Conference would promote the efficient and orderly adjudication of the case. Establishing jurisdiction, including "the amount in controversy requirement" is a "threshold" question best decided at the outset. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Likewise, deciding whether the FAC contains any valid cause of action prior to the Scheduling Conference will save both the Court and the Parties significant time and expense. If the case proceeds, the parties will be better able to substantively discuss and narrow the issues for their Rule 26(f) joint report after the Motion to Dismiss is resolved.

12. **Second**, the Parties have diligently litigated this matter to date. It has been less than two weeks since the case was removed, and less than one week since the motion to dismiss was filed. In addition, the noticed hearing date and Scheduling Conference remain over a month away. The Parties have moved cooperatively and in a timely fashion with the goal of promoting judicial economy and litigative efficiency.

13. In light of the forging, the Parties stipulate that:

**A.** The currently scheduled hearing date of Friday, August 16, 2024 (*see* Doc. No. 10) be moved to Friday, September 20;

**B.** The Scheduling Conference (*see* Doc. No. 12) be moved to Friday, November 1, 2024 at a time convenient to the Court.

1

2   Dated:        July 19, 2024

3   LAW OFFICES  OF MICHAEL E.          JONES DAY
    REZNICK

4

5   By: /s/ *Bryan Christopher Casteneda*     By:  /s/ *Rasha Gerges Shields*
         Bryan Christopher Castaneda              Rasha Gerges Shields

6

7   Attorney for Plaintiffs                 Attorney for Defendant
    DOE JEWISH USC FACULTY                  UNIVERSITY OF SOUTHERN
    MEMBER 2004 and DOE JEWISH              CALIFORNIA

8   USC STUDENT 1987

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT STIPULATION TO CONTINUE: (1) THE HEARING ON DEFENDANT'S MOTION TO DISMISS; AND (2) THE SCHEDULING CONFERENCE

## <u>ATTESTATION</u>

Pursuant to Civ. L.R.5-4.3.4, the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated:      July 19, 2024

Respectfully submitted,

JONES DAY

By: /s/ *Rasha Gerges Shields*
     Rasha Gerges Shields

Attorney for Defendant
UNIVERSITY OF SOUTHERN
CALIFORNIA

PARTIES' JOINT STIPULATION TO CONTINUE: (1) THE HEARING ON DEFENDANT'S MOTION TO DISMISS; AND (2) THE SCHEDULING CONFERENCE