Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastaneda@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel: (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al*.,<br><br>Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' OBJECTIONS AND OPPOSITION TO DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S REQUEST FOR JUDICIAL NOTICE**<br><br>**[No Hearing Date]** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs herein, individually and on behalf of all others similarly situated ("Plaintiffs"), hereby file these Objections and Opposition to Defendant University of Southern California's July 26, 2024's Request for Judicial Notice in support of its Opposition to this Court's Order to Show Cause ("OSC") re Lack of Subject Matter Jurisdiction for each and all of the following reasons:

**IV. JUDICIAL NOTICE**

**A. Legal Standard**

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit addressed the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018).

Pursuant to Federal Rule of Evidence 201, a Court may take judicial notice of a fact "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b)(2).

However, there are limitations to what the Court can and should take judicial notice of. For example, while a court may take "judicial notice of matters of public record," the Court "cannot take judicial notice of disputed facts contained in such public records" because they are subject to dispute. *Khoja*, 899 F.3d at 999 (citation and quotations omitted). Toward that end, the Ninth Circuit has further clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id.* at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999-1000.

A court may only take judicial notice of the "existence of those matters of public record . . . but not the veracity of the arguments and disputed facts contained therein." *S. Cal. Edison Co.*, 300 F. Supp. 2d at 974; *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes **judicial notice** of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (citation and internal quotation marks omitted).

The documents attached to USC's Request for Judicial Notice ("RJN") are rank hearsay, legally insignificant and/or irrelevant to any of Plaintiffs' claims for "damages" in this case. In

any event, the primary remedy sought by Plaintiffs is for injunctive relief, as confirmed by the pleadings, the prayer in the FAC and the absence of any claimed "special" damages.

Thus, the Court should deny USC's Request for Judicial Notice in its entirety or in the alternative, limit whatever it notices to those facts that are indisputable and relevant to the amount in controversy exclusive of interest and costs rather than judicially notice the veracity of the disputed facts USC is claiming or the arguments of USC and its counsel.

DATED:  July 29, 2024                         LAW OFFICES OF MICHAEL E. REZNICK
                                              A Professional Corporation


                                              By: _/s/Bryan Christopher Castaneda_
                                                    Bryan Christopher Castaneda

                                              Attorney for Plaintiffs DOE JEWISH USC
                                              FACULTY MEMBER 2004 and DOE JEWISH
                                              USC STUDENT 1987, Individually And On Behalf
                                              Of All Others Similarly Situated

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' OBJECTIONS AND OPPOSITION TO DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S REQUEST FOR JUDICIAL NOTICE**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on July 29, 2024 at Oak Park, California.

*By: /s/Bryan Christopher Castaneda*
Bryan Christopher Castaneda