Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |

Plaintiffs—a Jewish faculty member and a Jewish graduate student—filed this class action against Defendant University of Southern California ("USC" or the "University) in connection with recent campus protests concerning the Israel-Hamas war. *See* Dkt. 1-7, First Amended Complaint ("FAC"). The Court ordered the parties to show cause "why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold" of $5 million required by the Class Action Fairness Act ("CAFA"). Dkt. 9, at 3. On July 27, the Parties responded. Dkt. 17 (Plaintiffs), Dkt. 18 (USC).

As expressly directed by the Court's order, USC's response focused on explaining why CAFA's amount in controversy ("AIC") is amply satisfied. Dkt. 18. Plaintiffs, however, directed most of their response to other issues: that the putative class has fewer than 100 members, that minimal diversity is absent, and that exceptions to CAFA apply. Dkt. 17, at 3–8. Because plaintiffs exceeded the scope of the Court's order, the Court should decline to consider plaintiffs' improper contentions about class size, minimal diversity, and CAFA exceptions.

In any event, plaintiffs' contentions are wrong. At this stage, USC has carried its burden to show: (i) the putative class has at least 100 members, (ii) at least one class member is diverse from USC (minimal diversity); and (iii) the AIC of $5 million is satisfied. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 & n.1 (9th Cir. 2013). "These elements are the full extent of what [CAFA] subject matter jurisdiction demands" (*id*.), so this case is properly before the Court.[1]

---

[1] Plaintiffs devote just over a page to the AIC issue raised by the Court's show cause order. Plaintiffs confirm that they seek damages in this case, in addition to injunctive relief, including statutory penalties under the Unruh Act (which plaintiffs calculate at $4,000 ***per day***). Dkt. 17 at 2, 10. Critically, Plaintiffs do not contend that it is impossible for their damages to be greater than $5 million, which is the test for AIC. *See Jaurequi v. Roadrunner Trans. Servs. Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (AIC equals "*possible* liability"). Rather, Plaintiffs assert that they are "not seeking 'damages' in excess of $5 million." Dkt. 17 at 2. That suggestion must be ignored. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 929–30 (9th Cir 2019).

As for the CAFA exceptions, now that USC has established CAFA subject matter jurisdiction, the burden flips to plaintiffs to show an exception applies by a preponderance of the evidence. *See id.* ("The obligation to raise and prove" that an exception to CAFA applies "rests on the party seeking remand."); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883–84 (9th Cir. 2013) (factual findings regarding CAFA exceptions are made on preponderance of evidence standard). Plaintiffs do not come close to meeting that burden.

USC addresses each of plaintiffs' additional issues in turn.

***Size of Class.*** Plaintiffs' response claims that the class is not comprised of all of USC's Jewish students and faculty members, but rather the subset of USC's Jewish student body and faculty "who suffered damages and harm as a result" of USC's alleged conduct. Dkt. 17 at 3. To estimate the size of this redefined class, plaintiffs rely on a declaration from one of their attorneys that candidly describes his difficult search for "six months" to find a plaintiff to bring these claims. Dkt. 17 at 9–11 ("Reznick Declaration"). He estimates that the putative class is "likely less than 20-25" due to "apathy," or because some Jewish students and faculty "support the protests" or believe the "harm or damage was trivial or transitory." *Id.* ¶ 2.

But plaintiffs cannot redefine or shrink the class after a notice of removal is filed to avoid federal jurisdiction. *See Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (CAFA jurisdiction is evaluated at the time of removal); *accord Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) (noting that "[e]very circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction" and collecting cases). In their complaint, plaintiffs seek to represent a class of "Jewish Students and Jewish Professors and Faculty." FAC ¶¶ 2 ("Plaintiffs, Jewish Students and Jewish Professors and Faculty"), 3 (same), 12 (same with typo), 13 (same), 63 ("Jewish Professors and Faculty members and Jewish Students"); *see id.* ¶¶ 4 ("Jewish Students and Faculty"), 6 (same), 14 (same), 15 (same), 17 (same), 18 (same), 63(c) (same), 64 (same), 72 (same), 80 (same), 84

(same), 86 (same), 91 (same), 97 (same) 109 (same); *see also id*. ¶¶ 8 (referencing "Defendant University's large Jewish student body and faculty"), 71 ("University Students and Faculty" that are "Jewish or Israeli"); *accord* Dkt. 1, Notice of Removal ¶ 14 ("Jewish USC faculty members and Jewish students"). Indeed, the Reznick Declaration describes certain "Jewish students and Jewish faculty members" as "potential class members," though those putative class members considered any harm from the protests "trivial or transitory," they "support[ed] the protests," or they were otherwise unharmed. Reznick Decl. ¶ 2. Plaintiffs' *post-hoc* attempt to narrow the class to "Jewish Students and Faculty Professors 'who suffered damages'" (Dkt 17, at 3 (emphasis omitted)) is inconsistent with the FAC, plaintiffs' attorney's own declaration, and precluded by Ninth Circuit precedent. *See Ibarra*, 775 F.3d at 1197; *see also id.* ("Congress intended CAFA to be interpreted expansively.").

   Plaintiffs' narrowing has other problems too. The redefined class, for instance, would turn on whether each individual class member "felt that they were 'harmed,'" Reznick Decl. ¶ 2—*i.e.* whether they were offended by the protests. But "[i]f a class definition includes a requirement . . . that depends instead upon each putative class member's feelings and beliefs, then there is no reliable way to ascertain class membership." *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011); *accord Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). Relatedly, when addressing whether CAFA is satisfied, courts have refused to accept such "failsafe" class definitions—that is, putative classes that turn on whether each member has a claim. *E.g.*, *Brew v. Univ. Healthcare Sys.*, No. CV 15-4569, 2015 WL 8259583, at *2–3 (E.D. La. 2015). Accepting such a definition at this stage "would require the Court to consider whether each potential class member was [damaged], or otherwise; it would compel [defendants] to admit [an element of] liability to be able to remove the case. Such a catch-22 definition lacks merit" and cannot be adopted "for determining federal jurisdiction." *Id*. at *3.

   ***Minimal Diversity.*** The Chang Declaration, filed with USC's Notice of

Removal, proves minimal diversity. Declaration of Frank Chang, Dkt. 1, Ex. B. As that declaration makes clear, a student who is a citizen of Guatemala has self-identified himself or herself to the USC registrar's office as Jewish. *Id*. ¶ 4. Accordingly, this case has a member of a putative plaintiff class who is "a citizen or subject of a foreign state" and a California defendant. 28 U.S.C. § 1332(d)(2)(B). Minimum diversity is satisfied by this Guatemalan class member alone—regardless of what plaintiffs have to say about the domicile of U.S.-citizen students.

Independently, minimal diversity is satisfied because the class includes citizens of States other than California, including New York. Chang Decl. ¶ 4; *see* 28 U.S.C. § 1332(d)(2)(A). Plaintiffs themselves endorse a "presumption" that "a student who attends a university in a state other than the student's 'home' state" remains a domiciliary of the home state—not the state where their university is located. Dkt. 17, at 5 (quoting *Bradley v. Zissimos*, 721 F. Supp. 738, 740 n.3 (E.D. Pa. 1989) (quotation corrected here)); *see also e.g.*, *Field v. Swade*, No. CIV.A. 98-2271-EEO, 1998 WL 560003, at *2–3 (D. Kan. 1998) (applying this presumption). That is because a party "may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon*, 736 F.3d at 885. And merely attending college out-of-state is insufficient to establish a new domicile. *See, e.g.*, *Bradley* 721 F. Supp. at 740 & n.3. Thus, even "out-of-state student[s] working while attending college in California" with a "residential address in California" may be considered "citizens of other states" in the CAFA analysis. *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018); *see also Mondragon*, 736 F.3d at 884 (listing out-of-state students with California addresses as examples of individuals who are not California citizens). Plaintiffs offer no facts that would justify a different approach here. Because the Chang Declaration also identifies at least one putative class member who is from New York, USC has carried its burden to show minimal diversity in two independent ways.

DEFENDANT'S OBJECTION TO PLAINTIFFS' ORDER TO SHOW CAUSE RESPONSE

***CAFA Exceptions.*** Plaintiffs assert that the "home state" or "local controversy" exceptions to CAFA apply here. *See* Dkt. 17, at 6–7. Because USC has carried its burden to show the Court has jurisdiction under CAFA, it is now plaintiffs' *affirmative* burden to put "facts in evidence from which the district court may make findings regarding class members' citizenship" for purposes of CAFA's exceptions. *Mondragon*, 736 F.3d at 883, 885 (plaintiffs did not meet their burden where they failed to introduce any evidence as to the aggregate citizenship of the putative class). At best, plaintiffs have only addressed the citizenship of the two class representatives (*see* Reznick Decl. ¶ 3), and they cannot meet their burden by a preponderance of evidence by baldly asserting that a CAFA exception applies. Dkt. 17 at 7.

Dated: July 31, 2024

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant University of Southern California, certifies that this Objection contains 1611 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: July 31, 2024                    Respectfully submitted,

                                        JONES DAY

                                        By: */s/ Rasha Gerges Shields*
                                            Rasha Gerges Shields

                                        Attorneys for Defendant
                                        UNIVERSITY OF SOUTHERN
                                        CALIFORNIA