Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel:  (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al*.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al*.,<br><br>    Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND IMPROPERLY REMOVED ACTION TO THE LOS ANGELES SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTION 1332; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   September 6, 2024<br>TIME:   1:30 P.M.<br>CTRM:   6B, Hon. Fernando L. Aenlle-Rocha |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED THAT on September 6, 2024 at 1:30 p.m. or as soon thereafter as Counsel may be heard, in Courtroom 6B of this Court, located at 350 West 1st Street, Los Angeles, California, before the Honorable Fernando L. Aenlle-Rocha, Plaintiffs herein, individually and on behalf of all others similarly situated ("Plaintiffs") will and hereby do move the Court for an order remanding this improperly removed home state or local controversy back to the Los Angeles County Superior Court in which it was filed.

This motion is made pursuant to 28 U.S.C. sections 1332(d) et seq. and this Court's inherent powers.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the complete files and records in this action, including this Court's July 12, 2024 "Order to Show Cause Why Action Should Not Be Remanded For Lack Of Subject Matter Jurisdiction ("OSC") and Plaintiffs' response in support thereof, including the Declaration of Michael E. Reznick, the argument of counsel, and such other matters as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place immediately after service of the Court's OSC. The conference was conducted via phone with follow-up emails that gave rise to the Stipulation and Order Thereon [Dkt. No.   ] continuing the Court's Scheduling Conference and Defendant's Motion to Dismiss until after the Court rules on its OSC (and if necessary, the instant Motion) so that the parties and Court can avoid working up the case in federal court if the Court determines that it should be remanded. Needless to say, Plaintiffs will take the instant Motion to Remand off-calendar if the Court remands the action pursuant to its OSC.

DATED: August 6, 2024                    LAW OFFICES OF MICHAEL E. REZNICK
                                         A Professional Corporation


                                         *By: /s/Bryan Christopher Castaneda*
                                              Bryan Christopher Castaneda

                                         Attorney for Plaintiffs DOE JEWISH USC
                                         FACULTY MEMBER 2004 and DOE JEWISH
                                         USC STUDENT 1987, Individually And On Behalf
                                         Of All Others Similarly Situated

2

I. **DEFENDANT CANNOT ESTABLISH CAFA JURISDICTION**

Plaintiff DOE JEWISH USC FACULTY MEMBER 2004 ("Jewish Professor") filed the initial Complaint in this case May 15, 2024. The Complaint was filed on Jewish Professor's individual behalf and on behalf of all others similarly situated, asserting only California state law claims on behalf of the Plaintiff and putative class.

Plaintiff DOE JEWISH STUDENT 1987 ("Jewish Student") was subsequently named in the operative (removed) First Amended Complaint ("FAC") that was filed in the Los Angeles County Superior Court on June 7, 2024. Jewish Student also asserts only California state law claims, raising no federal issue beyond CAFA.

The FAC (and initial pleading) is between parties who are citizens of the State of California, including a California, Los Angeles based Defendant – the *University of Southern California* ("USC") - and a long-term Jewish USC faculty member Plaintiff and other similarly situated USC faculty members who are also employed by Defendant. (Additional Jewish Faculty class members (if any) would be comprised of other Jewish employees harmed or damaged by USC's alleged misconduct, all of whom are presumably citizens of the State of California) (see FAC at 10:15) ("a Jewish Professor employed by and at USC") ("who suffered damages and harm as a result of Defendant University's conduct"). (FAC at 17:24-25).

Similarly, the FAC asserts *only California state-law claims* against a California Defendant by a full-time California Jewish USC student Plaintiff, individually and on behalf of all others similarly situated. The FAC does not assert claims on behalf of *all* Jewish USC students but rather "[Students] (sic) who suffered damages and harm as a result of Defendant University's conduct." (FAC at 17:28-18:2).

While the gainfully employed Jewish Professor's California residency (and in turn "citizenship") can be inferred from the face of the FAC absent extrinsic facts to the contrary, the

3

Court can also infer the same conclusion with respect to the Jewish Student based upon the allegations in the FAC. The fact that Jewish Student allegedly commutes to USC's campus "for several consecutive days" [from] 8am to 10pm for 7-8 days, in class, studying, and practicing skills with classmates" (FAC at 13:26-28) raises the reasonable inference that Jewish Student is also a resident or "citizen" of the State of California. (See, e.g., California Vehicle Code section 516) (You are considered a "resident" of California if you are present in this state for six months or longer within a 12-month period and you are not visiting on a transient or temporary basis). See also dmv.gov for other factors and indicia of "residency," such as California employment and voter registration rolls).[1]

Moreover, as Plaintiffs demonstrate in their brief in support of the Court's OSC, not ***all*** Jewish USC Faculty Members nor ***all*** Jewish USC Students are potential members of the proposed subclasses. (See previously filed Declaration of Michael E. Reznick in Support of Court's OSC).

CAFA does not "alter the longstanding rule that the party seeking federal jurisdiction on removal [USC in this case] bears the burden of establishing that jurisdiction." See *Abrego Abrego v. Dow Chem Co*. (9th Cir. 2006) 443 F. 3d 676, 686.

As this Court noted in its OSC, the main battleground for a remand in this case stems from the Court's *sua sponte* observation and contention that this case will not exceed the $5 million threshold required by CAFA.

USC has not plausibly demonstrated that it does.

While there is no presumption against removal when CAFA jurisdiction is alleged,

---

[1] Plaintiffs are not suggesting that the answer to determining the parties' citizenship lies in an exhaustive review of their DMV or voting records but only use the DMV regulations to point out the flaws in Defendant's reasoning that an applicant identifying his or her "citizenship" at the time of applying for employment or to attend an out of state school has nothing to do with his or her citizenship at the time of the filing of the FAC.

4

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), USC must "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Green v. Harley-Davidson, Inc.*, 965 F. 3d 767, 772 (9th Cir. 2020).

Moreover, a defendant need not prove the jurisdictional amount with certainty, or make out the plaintiff's case for her. *Id.* (citing *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020)). Nor does the Court need to perform a detailed mathematical analysis to determine whether a defendant's showing is adequate. "Rather, 'a defendant may rely on reasonable assumptions to prove that it has met the statutory threshold,' and on a 'chain of reasoning that includes assumptions' based on reasonable grounds." *Harris*, 980 F.3d at 701. Reasonable grounds may be established on the basis of the complaint and extrinsic evidence. *Id.* "'[P]rospective attorney's fees must [also] be included in the assessment of the amount in controversy.'" *Id.* (quoting *Arias*, 936 F.3d at 922).

On the other hand, a plaintiff is not required to introduce extrinsic evidence to contest the defendant's estimates. He or she may rely entirely on "'a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence.'" *Harris*, 930 F. 3d at 700.

In this case, Plaintiffs have done so with but one exception (namely, the composition of the two subclasses). Plaintiffs have negated or called into question Defendant's speculative estimates based on nothing more than "junk" evidence and rank hearsay. In both cases, USC's showing in its Opposition to the Court's OSC falls well short of demonstrating that the amount in controversy exceeds $5 million exclusive of interest and costs, that there is even "minimal diversity" in this case or that the aggregate proposed classes exceed 100 potential members.

**A.     The Amount In Controversy Is Substantially Less Than $5,000,000**

USC offers an *estimate* of the CAFA jurisdictional amount, asserting an estimate of $20 million at stake, including attorney's fees. This is based on the fact that Plaintiffs filed the state court complaint as an "unlimited" action, meaning they are seeking more than $25,000 in damages under California Code of Civil Procedure sections 86(a) and 88. From that premise, USC offers, among other things, other jury verdicts from what USC argues are similar claims as the ones asserted by Plaintiffs herein. The verdicts are not only rank hearsay, but totally inapposite civil rights cases that have no bearing on what happened at USC.

USC also infers from the absence of a stated amount that the FAC seeks to recover at least $25,000 for each putative class member because it alleges that Jewish Professor's and Jewish Student's claims are "typical" of those in the class.

USC's assertion as to the amount in controversy is sheer speculation. The FAC alleges nothing from which a reasonable person could infer the same conclusion proffered by USC. In fact, a reasonable person could draw a contrary conclusion. All that the prayer states is that the Plaintiffs are seeking "damages in an amount in excess of the [$25,000] jurisdictional limits of [the Los Angeles County Superior Court] to be shown at the time of trial in accordance with proof." (FAC at 26:22-23). The better reading of this statement is that the complaint - as a whole - seeks in excess of $25,000 - not that each putative class member does so, as USC would have it. There is no authority or basis for bootstrapping the $25,000 statement into a reasonable estimate of $20 million.

USC also offers an alternative estimate based on its valuation of Plaintiffs' claims for injunctive relief and what the cost of such "far reaching remedies" would cost the parties. In particular, USC, points to its anticipated attorney's fees to justify its inflated claim. Plaintiffs can just as easily and reasonably assert that USC could remedy each and all of the problems

6

complained of by Plaintiffs in the FAC by a phone call, apology, consent decree and postage stamp.  The cost to USC:  Less than $1,000.00.

The other problem that pervades USC's alternative estimate "is that it assumes unreasonably and untenable high rates of violations.  Simply stated, USC posits that every member of the class experienced a violation for every claim.

As one Court has observed, "there are circumstances in which a 100% violation rate may be a reasonable proposition for CAFA removal purposes. A defendant may adduce facts that plausibly support such a rate, and the complaint itself may allege facts that make a 100% incident rate a reasonable inference." *Moore*, 2021 U.S. Dist. LEXIS 134216, 2021 WL 303577, at *2 (citing *Anderson*, 2020 U.S. Dist. LEXIS 245356, 2020 WL 7779015, at *4).

But that is not the case here. USC did not offer any "extrinsic evidence" or otherwise independently demonstrate or validate a "100% violation rate." *Id.*

While USC points to a few allegations to the effect that it is said to have followed a common course of conduct and intentionally adopted policies and practices, those passing comments do not dilute the complaint's overarching allegations that establishes that what happened in March – June of 2024 was anything but a commonplace event or occurrence.

This Court has an independent duty to ensure its jurisdiction, whether or not the parties address it. *See* Fed. R. Civ. P. 12(h)(3).

Toward that end, while this Court has already issued an OSC re why the amount in controversy, standing alone, does not require remand, which was supported by Plaintiffs' own brief.  The instant Motion has been filed in an abundance of caution.  Simply stated, USC's assumption that the FAC's allegations exceed the $5 million CAFA jurisdictional threshold is untenable because it assumes a 100 percent violation rate for each class member.  USC's unreasonable assumptions about the rate of violations dooms its estimates, irrespective of the size

7

of the putative class.

This case was improperly removed under CAFA and should be remanded to the Los Angeles Superior Court.

**B.    USC Cannot Establish Minimal Diversity Or That The Two Subclasses Exceed 100 Members**

The facial, factual and legal sufficiency of Defendant's showing in this case is woefully short of demonstrating that the proposed classes exceed 100 members or even the "minimal diversity" required for CAFA jurisdiction in this home state controversy.

In any case, Defendant cannot establish "minimal diversity" by inferring citizenship of another state or country because some USC students or faculty members chose to identify as "Jewish" when they applied for work or studying at USC. Similarly, it is inappropriate for USC to redefine what the proposed "classes" are in this case by unilaterally expanding the scope of the classes to include "all" USC Jewish Professors and "all" Jewish USC Students.

**C.    The Classes In the Aggregate Are Less Than 100 Members**

In the interest of brevity, Plaintiffs request that the Court take judicial notice of its own file and in particular, the previously filed Declaration of Michael E. Reznick in support of the Court's OSC to demonstrate why the classes in this case are less than 100 members.

**II.    REMAND IS REQUIRED UNDER THE "HOME STATE" OR "LOCAL CONTROVERSY" EXCEPTION (MANDATORY ABSTENTION)**

Even if this Court determines that CAFA jurisdiction is otherwise proper, it should decline to exercise jurisdiction under the "home state" or "local controversy" exception (mandatory abstention).

In cases removed from state court, a federal court cannot exercise jurisdiction over

a 'minimal diversity" class action if either:

- Two thirds or more of the class members (aggregating all proposed plaintiff classes and the primary defendants are citizens of the state in which the action was originally filed; or
- More than two thirds of the class members and at least one defendant are "citizens" of that state, and
- The "principal injuries" resulting from the alleged wrongdoing occurred there;
- Significant relief is being sought from the local defendant whose alleged conduct forms a significant basis for plaintiff's claims ; and
- No other class action has been filed within the past three years on behalf of the same persons against any defendant asserting the same or similar factual allegations.

(28 USC section 1332(d)(4); *Hart v. FedEx Ground Package System, Inc.* (7th Cir. 2006) 457 F. 3d 675, 680; *Benko v. Quality Loan Service Corp.* (9th Cir, 2015) 789 F. 3d 1111, 1118-19.

In this case, even if USC could establish "minimal diversity" between some hypothetical class member and the university, it is more reasonable than not to assume that at least two-thirds of the Jewish Professor class members and Jewish Students are in fact residents of the State of California – the same state as USC. Moreover, the "principal injuries" (enabling and encouraging antisemitism and the other wrongs and misconduct alleged in the FAC to the detriment of the Jewish class members who were damaged or harmed by the other wrongs and misconduct) *occurred on the Los Angeles campus of USC*. The injunctive relief and other remedies sought by the local Plaintiffs are from a *local* defendant whose alleged misconduct that occurred *in the City of Los Angeles* forms the basis for Plaintiffs' claims. Finally, no other class

action has been filed within the past three years on behalf of any of the Plaintiffs against this Defendant.

Accordingly, all of the factors exist under the "home state" or "local controversy" doctrine in this action to remand the case to the Los Angeles Superior Court under the mandatory abstention doctrine.

### III. CONCLUSION

For each and all of the foregoing reasons and for the reasons stated in Plaintiffs' Memorandum in support of this Court's OSC, Plaintiffs request that the Court remand the case to the Los Angeles County Superior Court.

DATED: August 6, 2024         LAW OFFICES OF MICHAEL E. REZNICK
                              A Professional Corporation


                              By: */s/Bryan Christopher Castaneda*
                                   Bryan Christopher Castaneda

                              Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

10

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND IMPROPERLY REMOVED ACTION TO THE LOS ANGELES SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTION 1332; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on August 6, 2024 at Oak Park, California.

*By: /s/Bryan Christopher Castaneda*
Bryan Christopher Castaneda