Bryan Christopher Castaneda, Esq. State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel: (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY
MEMBER 2004 and DOE JEWISH USC STUDENT
1987, Individually And On Behalf Of All
Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF REMANDING CASE BACK TO THE LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION; REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>DATE: September 6, 2024<br>TIME: 1:30 P.M.<br>CTRM: 6B, Hon. Fernando L. Aenlle-Rocha |

I.　**IF THE COURT CONCLUDES THAT IT HAS SUBJECT MATTER JURISDICTION UNDER CAFA, IT SHOULD STILL REMAND THE CASE BACK TO THE LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO CAFA'S "LOCAL CONTROVERSY" EXCEPTION**

　　　　Plaintiffs contend and continue to assert that this Court lacks subject matter jurisdiction under CAFA for the reasons stated in the Court's Order to Show Cause ("OSC"), Plaintiffs' Memorandum in Support of the Court's Order to Show Cause" and Opposition to and Objections to Defendant University of Southern California's ("USC") Request for Judicial Notice (collectively "Memorandum") and Motion to Remand Improperly Removed Action, Etc."

1

("Motion").

If for whatever reason the Court concludes that Defendant has established CAFA jurisdiction, the Court should still decline to exercise such jurisdiction as a matter of comity and remand this case back to the Los Angeles County Superior Court pursuant to the "local controversy" exception to CAFA jurisdiction.

Under the "local controversy" exception, remand is appropriate if Plaintiffs establish by a preponderance of evidence that:

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally; (2) at least one defendant (a) is a defendant from whom members of the plaintiff class are seeking "significant relief," (b) is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims, and (c) is a citizen of the state in which the action originally was filed; (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action was filed originally; and (4) in the three years before the filing of the class action complaint, no other similar class action was filed against any of the defendants on behalf of the same or other class.

28 U.S.C. section 1332(d)(4)(A).

USC concedes in its Response and Opposition that the only condition that Plaintiffs have not established to date for the CAFA exception to apply is that "more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally . . ." (See 28 U.S.C. section 1332(d)(4)(A)(1)).

A plaintiff is not required to introduce extrinsic evidence to contest the defendant's estimates as to the amount in controversy or introduce evidence of any other of the elements necessary to establish CAFA jurisdiction in a removed case. In this case, Plaintiffs submit and

continue to assert that the First Amended Complaint ("FAC"), USC's "Notice of Removal" ("Notice"), Plaintiffs' Response, Defendant's Opposition and Plaintiffs' Memorandum and Motion to Remand, in their entirety, provide ample direct and circumstantial evidence from which the Court can reasonably infer and presume well beyond conjecture or speculation that over two-thirds of the members of the two subclasses in this case – Jewish USC professors "employed by and at USC" (FAC at 10:13) and "Jewish student[s] attending USC" (FAC at 13:12-13, ) "who suffered damages and harm as a result of Defendant University's conduct" (FAC at 17:24-18:2) -- are both residents and citizens of the State of California. The Plaintiffs are also domiciled in California, having made permanent homes in Los Angeles County where they reside, work and attend classes at USC, with the intention of remaining in Los Angeles remain as long as they continue to work at and attend USC from now until at least graduation. (See FAC at 32:12-17) ("Much like a victim of sexual abuse and assault, Jewish Student fears for Jewish Student's life, liberty, safety and health as well as the hostile work environment caused and created by the filing of this lawsuit, and in particular, the risk to Jewish Student's continued attendance at and graduation from USC if Jewish Student's identity is publicly disclosed, or if Plaintiff is "outed" by Defendant University.[1]

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989)). "The natural person's state citizenship is then determined by her state of domicile, not her state

---

[1] The only reason Plaintiff Class Representatives have declined to publicly file declarations under penalty of perjury in support of their Motion attesting to their California citizenship is out of fear of being "outed" by public disclosure of their identities. Plaintiffs hereby make an offer of proof that any declarations the Court subsequently orders them to file or serve (under seal to protect their identities) will not only confirm these facts, but also the fact that they have lived in California for years, like at least 42 percent of all of the other USC students graduating in 2025. (See discussion below).

3

of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *see also King v. Great Am. Chicken Corp.*, 903 F.3d 875, 879 (9th Cir. 2018) (noting that "a residential address in California does not guarantee that the person's legal domicile was in California") (citing *Kanter*, 265 F.3d at 857).

"[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon v. Capital One Auto Fin.*, 736 F. 3d 880, 884 (9th Cir. 2013). "The statute does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant." *Id.* To evaluate a motion to remand seeking to use the local controversy exception to CAFA jurisdiction, the Ninth Circuit has instructed district courts to make "factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon*, 736 F.3d at 884 (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). "A complete lack of evidence does not satisfy this standard." *Id.*

The Ninth Circuit has acknowledged that this rule "may result in some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face." *Id.* "The burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *id.* at 886. A court should consider the entire record to determine whether evidence of residency can properly establish citizenship. *Id.* (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 800 (5th Cir. 2007)). "Factual findings made by a district court after considering the entire record will be, as usual, subject to clear error review." *Id.* (citing *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir.

2011) (per curiam)). "As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA, as well." *Id.* "And, even under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Id.* (citing *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977) (per curiam)).

In this case, it seems obvious that a subclass of Jewish Professors employed at USC and subclass of Jewish Students attending classes at USC "who suffered damages and harm as a result of [the local] Defendant University's conduct" (FAC at 17:24-18:2) that occurred over time only in the County of Los Angeles, California would be a group of which at least two-thirds are California citizens, *See, e.g., Rodriguez v. Instagram, LLC*, No. C 12-06482 WHA, 2013 U.S. Dist. LEXIS 98627, 2013 WL 3732883, at *7 (N.D. Cal. July 12, 2013)) ("[A] consumer class defined as California residents is, by and large, a class of California domiciles and that the aberrated case wherein a California resident is domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception. The aberrated case could be, for example, a soldier stationed in California (and thus a resident) but whose domicile is New Mexico. Yes, there will be some of those but they will be few and far between. The idea that at least one-third of all California residents claim a domicile elsewhere is fanciful.").

The Court can and should infer and presume that more than two thirds of the class members are citizens of the State of California just from the filed documents themselves, without the need to look beyond the documents or conduct jurisdictional discovery, as evidenced in part by the Court's *sua sponte* OSC.

However, if the Court requires more proof for the CAFA exception to apply, USC admits in on its own website and in published material promulgated by USC and downloadable

from the internet that *"a full 42% of the newly enrolled class [of 2025] is from California"* and *"[a]lmost 200 of USC's newly enrolled students [for the Class of 2025] earned their diplomas from the Los Angeles Unified School District."* (See relevant excerpts reprinted from "USC Today" attached hereto as Exhibit "A", downloaded on August 22, 2024 from USC's website (http://today.usc.edu/usc-fall-2021-enrollment-public-school-first_generation-students/) (reprinted for the Court's and interested parties' review). (Pursuant to Rule 201 (b)(2) of the Federal Rules of Evidence, the Court is requested to take judicial notice of these admissions since they are from a source whose accuracy cannot reasonably be questioned).

If the Court determines that it does in fact have jurisdiction under CAFA and that Plaintiffs have not established by a preponderance of the evidence that more than two thirds of the proposed subclasses are residents of the State of California for the "local controversy" exception to apply, Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend the FAC to allege that the subclasses are limited to *only* Jewish Professors and Jewish Students harmed or damaged by the Defendant University's conduct who are citizens of the State of California. This amendment would negate even the possibility of "minimal diversity," depriving the Court of subject matter jurisdiction under CAFA. Similarly, it would require mandatory abstention and remand under the CAFA exception since Plaintiffs' amended pleading will allege that all of the subclasses are California citizens, establishing conclusively that more than two-thirds of the class members are citizens of California.

Plaintiffs further request leave to conduct jurisdictional discovery if the Court wants to defer ruling on the amended pleading until Plaintiffs to file a noticed motion on the grounds stated herein.

In both *Mondragon* and *King*, the Court theorized that their plaintiffs "could, if [they] decided to expend the effort, come up with sufficient evidence to establish that two-thirds of

6

prospective class members were citizens of California." *Id.* (citing *Mondragon*, 736 F.3d at 885). The *King* court also reiterated the *Mondragon* court's statement that "[w]e do not think . . . that evidence of residency can never establish citizenship." *Id.* (citing *Mondragon*, 736 F.3d at 886). Moreover, both the *Mondragon* and *King* courts instructed the respective district courts to allow their plaintiffs to pursue jurisdictional discovery on remand if they chose to do so. The *King* court did so even while acknowledging that "discovery . . . could be burdensome and contentious." 903 F.3d at 880. [2]

DATED: August 22, 2024

LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation

By: /s/Bryan Christopher Castaneda
Bryan Christopher Castaneda

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

---

[2] See also *Shofet v. Zillow, Inc.*, 2024 U.S. Dist. LEXIS 56747, where the District Court would have been inclined to permit jurisdictional discovery and an amended pleading to negate jurisdiction but for the futility of plaintiffs' inability to establish that the local defendant's conduct formed a significant basis for the claims asserted. By contrast, USC – admittedly a "local" university - is the sole defendant in this case.

# EXHIBIT A

 

USC Today



McCarthy Honors Residential College welcomed their first residents in USC Village. (USC Photo/Michael Owen Baker)



**UNIVERSITY**

# USC's 2021 entering undergrad class is the most diverse and talented yet

**First-generation and students of color set records. The university's college prep program for neighborhood children and teens leads the way with 57 first-year students. And Southern California public high schools make their strongest showing.**



USC Today

USC's Neighborhood Academic Initiative, a pre-college enrichment program for South and East Los Angeles students, has set a new record with 57 students choosing USC. Program graduates receive full tuition at USC and a financial aid award that does not include loans.

Foshay Learning Center, a few blocks from USC, was the top feeder high school in the country with a record 40 students.

## An ever-evolving admission process

USC admits are traditionally high achievers, but this year's class is a standout. They are tied with last year's class for the highest average GPA in USC history with a 3.83.

More than 25% had perfect grades in high school. The majority pursued the most rigorous curriculum available at their high school.

Standardized tests were optional for 2021 applicants, and fewer than half chose to submit those scores. However, the average score among the first-year students who submitted them was in the 97th percentile.

USC had announced its test-optional policy last year, and the university plans to retain that policy for at least the next two admission cycles.

"Our decision to make standardized test scores optional this year and for the immediate future is part of our evolutionary admission approach," Ishop said. "The philosophy behind the decision is not new. We always consider students' circumstances and the challenges they've faced, and we put that into context when looking at their applications."

## Unprecedented gains across USC fall 2021 enrollment

All 50 states are represented. A full 42% of the newly enrolled class is from California: 164 students are from New York, 152 are from Texas and 128 are from Illinois. International students — including 182 students from China and 71 from India — comprise 13% of the first-year class, up a percentage point compared to last year's class.



USC Today

# Strong representation from Los Angeles public schools in USC fall 2021 enrollment

When it comes to the best-represented high schools, most of the top 30 are public. ==Almost 200 of USC's newly enrolled students earned their diplomas from the Los Angeles Unified School District.==

USC's Neighborhood Academic Initiative, a pre-college enrichment program for South and East Los Angeles students, has set a new record with 57 students choosing USC. Program graduates receive full tuition at USC and a financial aid award that does not include loans.

Foshay Learning Center, a few blocks from USC, was the top feeder high school in the country with a record 40 students.

## An ever-evolving admission process

USC admits are traditionally high achievers, but this year's class is a standout. They are tied with last year's class for the highest average GPA in USC history with a 3.83.

More than 25% had perfect grades in high school. The majority pursued the most rigorous curriculum available at their high school.

Standardized tests were optional for 2021 applicants, and fewer than half chose to submit those scores. However, the average score among the first-year students who submitted them was in the 97th percentile.

USC had announced its test-optional policy last year, and the university plans to retain that policy for at least the next two admission cycles.

"Our decision to make standardized test scores optional this year and for the immediate future is part of our

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing document entitled:

**PLAINTIFFS' REPLY IN SUPPORT OF REMANDING CASE BACK TO THE LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION; REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT THEREOF**

with the Clerk of the Court for the for the Central District of California by using the CM/ECF and ACMS systems.

I certify that all parties of record to this appeal either are registered CM/ECF and ACMS users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF and ACMS systems.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on August 22, 2024 at Oak Park, California.


/s/ Bryan Christopher Castenada
    Bryan Christopher Castenada