Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS (NO OPPOSITION FILED)**<br><br>**Date:** **September 20, 2024**<br>**Time:** **1:30 P.M.**<br>**Place:** **Courtroom 6B**<br>**Judge:** **The Honorable Fernando L. Aenlle-Rocha** |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

I.     Procedural Background ................................................................................. 2

II.    The Complaint Should Be Dismissed with Prejudice ...................................... 2

      A.     By not opposing the motion, plaintiffs consent to dismissal with prejudice ................................................................................................ 2

      B.     In any event, plaintiffs' claims fail on the merits ................................. 4

III.   In the Alternative, Plaintiffs' Class Claims Should Be Stricken .................... 4

CONCLUSION ........................................................................................................... 6

i

## INTRODUCTION

This case is about two Jewish plaintiffs who filed numerous claims against the University of Southern California ("USC" or the "University") following recent campus protests over the Israel-Hamas war.  On July 15, 2024, USC moved to dismiss plaintiffs' complaint with prejudice in its entirety because all of plaintiffs' claims fail as a matter of law.  Dkt. 10, at 21.  In the alternative, USC asked the Court to strike plaintiffs' class allegations.  *Id*.

Plaintiffs did not oppose USC's motion.  The deadline to file a response was August 30, 2024.  The Court reminded the litigants that same day when it took plaintiffs' remand motion under submission that it "expects the parties to continue litigating this action diligently."  Dkt. 28.  Plaintiffs filed nothing.  Another week passed.  USC's Reply is now due in advance of the hearing on USC's motion to dismiss set for September 20, a date to which plaintiffs stipulated and the Court ordered.  *See* Dkts. 14, 16.

Despite having USC's motion to dismiss for eight weeks (and being on notice of USC's arguments for ten), plaintiffs still have not opposed it.  Pursuant to Local Rule 7-12, "Plaintiffs' failure to file a timely Opposition [is] their non-opposition to the Motion[] to Dismiss and their consent to the granting of the relief sought."  *Sekhon v. BAC Home Loans Servicing LP*, No. EDCV11188, 2011 WL 13143559, at *2 (C.D. Cal. 2011) (citing C.D. Cal. L.R. 7-12), *aff'd*, 519 F. App'x 971 (9th Cir. 2013).  The complaint should be dismissed with prejudice; the case should end here.

Even if the Court were to overlook plaintiffs' failure to oppose the motion, USC's motion should be granted.  Plaintiffs' over-the-top complaint fails to allege basic elements of their claims.  And the declaration from plaintiffs' attorney recently submitted in connection with the briefing on CAFA subject matter jurisdiction confirms that their putative classes cannot be sustained.  For all these reasons, plaintiffs' First Amended Complaint should be dismissed with prejudice.  In the alternative, the class allegations should be stricken.

## I. PROCEDURAL BACKGROUND

USC and plaintiffs met and conferred about the grounds for USC's motion to dismiss on July 3, 2024. *See* Dkt. 10 at Notice. USC then filed its motion to dismiss on July 15, 2024. *Id.* On July 19, 2024, the parties stipulated to move the hearing on USC's motion to dismiss to September 20, 2024. *See* Dkt. 14. A few days later, the Court entered that stipulation and set the hearing for September 20. *See* Dkt. 16. This schedule made plaintiffs' opposition due on August 30, 2024 (*see* C.D. Cal. L.R. 7-9) and gave plaintiffs an additional month to respond to the motion to dismiss. The same day the opposition was due—August 30—the Court entered an order in connection with plaintiffs' remand motion that reminded the parties that it "expects the parties to continue litigating this action diligently." Dkt. 28.

To date, plaintiffs have not opposed the motion, sought an extension of their deadline to oppose, or offered any explanation for their failure to oppose. *See* Initial Standing Order, Dkt. 8, at 17 ("A request to continue . . . deadlines that have already expired constitutes a presumptive lack of due diligence.").

It is now September 6, 2024, and USC submits this reply pursuant to Local Rule 7-9.

## II. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

### A. By not opposing the motion, plaintiffs consent to dismissal with prejudice

"The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *see also In re Benham*, No. CV12-01279-VBF, 2012 WL 12846324, at *1 (C.D. Cal. Nov. 9, 2012) (collecting cases), *aff'd*, 678 F. App'x 474 (9th Cir. 2017). The Local Rules are clear, and the parties are presumed to follow them. *See* Dkt. 8, at 1 (ordering the parties to (re)review the Local Rules). So when a plaintiff "fail[s] to file any Opposition to [a] Motion[] to Dismiss," that should be taken as "consent to granting" it. *Sekhon*, 2011 WL 13143559, at *2.

The application of Local Rule 7-12 is consistent with the basic principles of forfeiture and party presentation. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). As a "neutral arbiter of matters the parties present," courts should refrain from adopting positions unadvanced by any party, particularly when the litigants are represented by counsel. *Id.* at 375–76 ("[O]ur system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief" (alterations and quotation marks omitted)); *cf. Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[A]t least when claimants are represented by counsel, they must raise all issues" to avoid forfeiting arguments). So when no arguments are presented in opposition to a motion to dismiss, the motion should generally be granted.

Because of plaintiffs' "failure to timely file a response to the Motion, the Motion is now fully briefed." *McDaniels v. United States*, No. 514CV02594, 2020 WL 888147, at *1 (C.D. Cal. 2020). And with plaintiffs not opposing the motion to dismiss, it should be granted. *Sekhon*, 2011 WL 13143559, at *2 (applying Local Rule 7-12 and granting a motion to dismiss); *see also, e.g.*, *Brown v. Warden, Calif. Training Facility*, No. 2:19-01196, 2021 WL 5299906, at *2 (C.D. Cal. 2021) (ordering the action "summarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Central District of California Local Rules 7-12 and 41-6"); *McDaniels*, 2020 WL 888147, at *1 ("The Court may deem Plaintiff's failure to timely file an opposition as consent to the granting the Motion"); *Benham*, 2012 WL 12846324, at *1 ("failure to file an opposition itself may be deemed consent to the motion being granted").

The Ninth Circuit is clear that dismissal with prejudice in the instant circumstance is well within the district court's authority. *Dickinson v. Ocwen Loan Servicing*, LLC, 466 F. App'x 567, 568 (9th Cir. 2012) (holding that "[t]he district court did not abuse its discretion by dismissing [plaintiff's] action with prejudice where [plaintiff] did not file an opposition to defendants' motion to dismiss" under

similar local rules); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994) ("[Plaintiff] was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment" under similar local rules).

### B. In any event, plaintiffs' claims fail on the merits

Even if the Court were to proceed to the merits, the complaint should be dismissed. USC has already explained in detail why each of plaintiffs' claims fail. Plaintiffs do not establish the elements of their civil rights claims, which require USC to intentionally violate plaintiffs' expressly protected rights (Bane Act), and to do so based on plaintiffs' religious identities (Unruh and Ralph Acts). Dkt. 10, at 7–15. Nor do plaintiffs' allegations show that USC specifically intended to further any tortious conduct against plaintiffs, thus dooming plaintiffs' aiding-and-abetting theory. *Id*. at 9–13. Moreover, the Faculty Plaintiff's tort claims are barred by California's workers compensation laws. *Id*. at 15–16. And the Student Plaintiff fails to allege basic elements of her battery (no touching), assault (no reasonable fear of contact), and contract claims (no contract, no breach, no damages). *Id*. at 17–18.

For these and the other reasons set forth in the motion, the Court should dismiss plaintiffs' First Amended Complaint. Once again, plaintiffs do not dispute this analysis or conclusion.

## III. IN THE ALTERNATIVE, PLAINTIFFS' CLASS CLAIMS SHOULD BE STRICKEN

As explained in USC's motion, plaintiffs' class allegations have fatal deficiencies, even if any of their claims survive. Dkt. 10, at 19–21. Namely, plaintiffs have made no attempt to plead the existence of any of the requirements for class certification, including that their claims are typical of the alleged class, that they are adequate representatives, that common issues exist, or that common issues predominate. *Id*. at 19–20. These deficiencies defeat their class allegations and plaintiffs have not argued otherwise.

To the contrary, the declaration filed by plaintiffs' counsel in connection with briefing relating to the Court's subject matter jurisdiction under CAFA, reaffirms the futility of plaintiffs' class allegations. *See* Dkt. 17 at 9–10. As USC explained in the instant motion, plaintiffs' putative class ("Jewish Professors and Faculty members and Jewish Students at USC," *e.g.*, Dkt. 1, Ex. A-7 ¶ 61) has fatal ascertainability and typicality flaws because it includes "countless individuals with no possible claim, including Jewish faculty and students who were not present on campus during the protests, who were not harmed by the protests, and, importantly, who supported or chose to participate in the protests." Dkt. 10, at 20 (citing *Lyons v. Bank of Am., NA*, No. 11-1232-CW, 2011 WL 6303390, at *7 (N.D. Cal. 2011); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); and *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009)).

Plaintiffs' declaration confirms just that: Some "potential class members have declined to assert a claim because they support the protests." Dkt. 17, at 9. And "several potential class members" similarly declined to participate because they suffered no harm. *Id*. Indeed, of the potentially *thousands* of Jewish students at USC (Dkt. 19, at 2), plaintiffs assert that "most likely 20-25 felt that they were harmed" (Dkt. 17, at 9). That is nothing other than an admission that plaintiffs' putative classes are untenable.

To be sure, plaintiffs attempt to walk back their class definition in their CAFA remand briefing. There, plaintiffs seek to recharacterize their complaint as asserting a putative class of Jewish students "who felt that they were 'harmed and damaged' by the alleged antisemitism." *E.g.*, Dkt. 17, at 9; Dkt. 25 at 4. But USC has already explained why any such future amendment of the class definition would be futile: The redefined class would turn on whether each individual class member "felt that they were 'harmed.'" Dkt. 21, at 3; *see also* Dkt. 26, at 7–8. But "[i]f a class definition includes a requirement . . . that depends instead upon each putative class member's feelings and beliefs, then there is no reliable way to ascertain class membership"

(among other problems). *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011); *accord Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981).

For these and the other reasons set forth in the motion, plaintiffs' class allegations are insufficient and plaintiffs have failed to establish otherwise.

## CONCLUSION

USC has shown that the First Amended Complaint should be dismissed in its entirety and that its class allegations should be stricken as insufficient. Plaintiffs offer no response. For the reasons stated, the Court should grant USC's motion to dismiss the First Amended Complaint with prejudice. In the alternative, the Court should strike the class allegations.

Dated: September 6, 2024

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
     Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant University of Southern California, certifies that this brief contains 1,833 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: September 6, 2024                    Respectfully submitted,

                                            JONES DAY


                                            By: */s/ Rasha Gerges Shields*
                                                Rasha Gerges Shields

                                            Attorneys for Defendant
                                            UNIVERSITY OF SOUTHERN
                                            CALIFORNIA