1  Bryan Christopher Castaneda, Esq.  State Bar No. 275095
   bryanchristophercastenada@gmail.com
2  LAW OFFICES OF MICHAEL E. REZNICK
   A Professional Corporation
3  283 Ocho Rios Way
   Oak Park, California 91377-5540
4  Tel: (818) 437-5630 - reznagoura@aol.com

5  Attorney for Plaintiffs DOE JEWISH USC FACULTY
   MEMBER 2004 and DOE JEWISH USC STUDENT
6  1987, Individually And On Behalf Of All
   Others Similarly Situated

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10 | DOE JEWISH USC FACULTY MEMBER | Case No. 2:24-cv-05712-FLA (SSCx)
   | 2004, *et al.*,               |
11 |                               | **PLAINTIFFS' EX PARTE APPLICATION**
   |          Plaintiffs,          | **FOR AN ORDER:**
12 |                               |
13 | v.                            | 1) **GRANTING PLAINTIFFS LEAVE TO**
   |                               |    **FILE BELATED OPPOSITION TO**
   |                               |    **DEFENDANT'S MOTION TO DISMISS**
14 | UNIVERSITY OF SOUTHERN        |    **AND STRIKE; OR**
   | CALIFORNIA, *et al.*,         |
15 |                               | 2) **CONTINUING HEARING DATE ON**
   |          Defendants.          |    **DEFENDANT'S MOTION TO DISMISS**
16 |                               |    **AND STRIKE; OR**

17

18                                   3) **GRANTING PLAINTIFFS LEAVE TO**
                                        **FILE AMENDED COMPLAINT**
19
                                     **DECLARATION OF MICHAEL E.**
20                                   **REZNICK IN SUPPORT THEREOF**

21                                    [PROPOSED] ORDER

22                                   DATE: [NO HEARING]
                                     TIME: [NO HEARING]
23                                   CTRM: 6B, Hon. Fernando L. Aenlle-Rocha

24

25  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

26         **YOU ARE HEREBY NOTIFIED THAT** Plaintiffs DOE JEWISH USC FACULTY

27  MEMBER 2004 and DOE JEWISH USC STUDENT 1987, individually and on behalf of all

28

                                       1

others similarly situated (hereinafter "Plaintiffs"), hereby apply to the Court ex parte for an Order granting Plaintiffs leave to file Plaintiffs' belated and untimely "Opposition to Defendant's Motion to Dismiss and Strike" attached hereto as Exhibit "A," or in the alternative for an Order to continue the extant hearing date thereon (to permit a timely filing) or in the alternative, for an Order for leave to file an amended Complaint.

The undersigned counsel has advised attorney Rasha Gerges Shields, counsel for Defendant, that such an ex parte request will be made to this Court. As of the time of this Application, Defendant's counsel has not indicated whether she will oppose such request.

Such an extension is necessary and appropriate so that Defendant's motion to dismiss and strike can be decided on the merits as opposed to being decided on the basis of Plaintiffs' counsel's inadvertent failure to comply with a procedural deadline.

Good cause exists because the failure to timely file an opposition was the result of Plaintiffs' counsel's inadvertent error and mistaken belief that the jurisdictional issues raised first by the Court and second by Plaintiffs' motion for remand would be decided before an opposition was due. Simply stated, it was not Plaintiffs' fault in any respect. Since it is the policy of the Court to decide cases on the merit, to grant Defendant's motion without opposition would give Defendant an unintended and undeserved windfall at the expense of blameless Plaintiffs.

Plaintiffs request that the Court continue the hearing date on Defendant's motion to dismiss and strike an additional 30 days so that the Court and the parties have adequate time to respond to any new issues raised by Plaintiffs' belated opposition. Hopefully the parties will also have a ruling by then on subject matter jurisdiction. In the alternative, Plaintiffs request that the Court grant leave to file an amended complaint so that Plaintiffs can allege a class definition that limits Plaintiffs to California citizens. The amended pleading will also cure any other substantive or procedural defects that can be remedied by changes to the extant pleading.

For each and all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their ex parte application so that their case can be heard on the merits and not be decided by their counsel's failure to timely file an opposition to Defendant's motion to dismiss.

DATED: September 9, 2024

LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation

By: /s/*Bryan Christopher Castaneda*
     Bryan Christopher Castaneda

3

## DECLARATION OF MICHAEL E. REZNICK

I, MICHAEL E. REZNICK, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record for Plaintiffs. Except as otherwise stated, I have personal knowledge of each of the facts stated herein and could and would competently testify thereto.

2. I was solely responsible for filing a late opposition to Defendant's motion to dismiss as a result of mis-calendaring the due date when the parties stipulated to continue the hearing date in light of the Court's still pending OSC re remand for lack of subject jurisdiction under CAFA and Plaintiffs' subsequent motion for remand. The OSC and motion for remand are still pending and there has been no decision from the Court as of the date of filing as to whether it has subject matter jurisdiction over the cause or if so, whether the case is subject to mandatory abstention.

3. In light of this Court favoring the disposition of cases on the merits, I respectfully request that the Court consider the attached belated (untimely) opposition to Defendant's motion to dismiss or strike, or in the alternative, continue the hearing date 30 days or more so that the opposition will be timely under the time limits provided by the Local Rules. Alternatively, Plaintiffs request that the Court grant leave to amend the First Amended Complaint to allege that only citizens of the State of California are Plaintiffs, thereby negating even "minimal" diversity between the parties and this Court's subject matter jurisdiction.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at Oak Park, California.

MICHAEL E. REZNICK

4


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER:**

4) **GRANTING PLAINTIFFS LEAVE TO FILE BELATED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**

5) **CONTINUING HEARING DATE ON DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**

6) **GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT**

**DECLARATION OF MICHAEL E. REZNICK IN SUPPORT THEREOF**

**[PROPOSED] ORDER**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at Oak Park, California.

By: */s/Bryan Christopher Castaneda*
Bryan Christopher Castaneda

Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel:  (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER:**<br><br>1) **GRANTING PLAINTIFFS LEAVE TO FILE BELATED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**<br><br>2) **CONTINUING HEARING DATE ON DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**<br><br>3) **GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT**<br><br>**DECLARATION OF MICHAEL E. REZNICK IN SUPPORT THEREOF**<br><br>**[PROPOSED] ORDER**<br><br>**DATE: [NO HEARING]**<br>**TIME:  [NO HEARING]**<br>**CTRM: 6B, Hon. Fernando L. Aenlle-Rocha** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

　　**YOU ARE HEREBY NOTIFIED THAT** Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, individually and on behalf of all

others similarly situated (hereinafter "Plaintiffs"), hereby apply to the Court ex parte for an Order granting Plaintiffs leave to file Plaintiffs' belated and untimely "Opposition to Defendant's Motion to Dismiss and Strike" attached hereto as Exhibit "A," or in the alternative for an Order to continue the extant hearing date thereon (to permit a timely filing) or in the alternative, for an Order for leave to file an amended Complaint.

The undersigned counsel has advised attorney Rasha Gerges Shields, counsel for Defendant, that such an ex parte request will be made to this Court. As of the time of this Application, Defendant's counsel has not indicated whether she will oppose such request.

Such an extension is necessary and appropriate so that Defendant's motion to dismiss and strike can be decided on the merits as opposed to being decided on the basis of Plaintiffs' counsel's inadvertent failure to comply with a procedural deadline.

Good cause exists because the failure to timely file an opposition was the result of Plaintiffs' counsel's inadvertent error and mistaken belief that the jurisdictional issues raised first by the Court and second by Plaintiffs' motion for remand would be decided before an opposition was due. Simply stated, it was not Plaintiffs' fault in any respect. Since it is the policy of the Court to decide cases on the merit, to grant Defendant's motion without opposition would give Defendant an unintended and undeserved windfall at the expense of blameless Plaintiffs.

Plaintiffs request that the Court continue the hearing date on Defendant's motion to dismiss and strike an additional 30 days so that the Court and the parties have adequate time to respond to any new issues raised by Plaintiffs' belated opposition. Hopefully the parties will also have a ruling by then on subject matter jurisdiction. In the alternative, Plaintiffs request that the Court grant leave to file an amended complaint so that Plaintiffs can allege a class definition that limits Plaintiffs to California citizens. The amended pleading will also cure any other substantive or procedural defects that can be remedied by changes to the extant pleading.

2

## DECLARATION OF MICHAEL E. REZNICK

I, MICHAEL E. REZNICK, declare as follows:

1. I am an attorney licensed to practice law in the State of California and counsel of record for Plaintiffs. Except as otherwise stated, I have personal knowledge of each of the facts stated herein and could and would competently testify thereto.

2. I was solely responsible for filing a late opposition to Defendant's motion to dismiss as a result of mis-calendaring the due date when the parties stipulated to continue the hearing date in light of the Court's still pending OSC re remand for lack of subject jurisdiction under CAFA and Plaintiffs' subsequent motion for remand. The OSC and motion for remand are still pending and there has been no decision from the Court as of the date of filing as to whether it has subject matter jurisdiction over the cause or if so, whether the case is subject to mandatory abstention.

3. In light of this Court favoring the disposition of cases on the merits, I respectfully request that the Court consider the attached belated (untimely) opposition to Defendant's motion to dismiss or strike, or in the alternative, continue the hearing date 30 days or more so that the opposition will be timely under the time limits provided by the Local Rules. Alternatively, Plaintiffs request that the Court grant leave to amend the First Amended Complaint to allege that only citizens of the State of California are Plaintiffs, thereby negating even "minimal" diversity between the parties and this Court's subject matter jurisdiction.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at Oak Park, California.

MICHAEL E. REZNICK

# EXHIBIT A

Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel:  (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF SOUTHERN CALIFORNIA, et al., <br><br> Defendants. | Case No. 2:24-cv-05712-FLA (SSCx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE** <br><br> DATE:  September 13, 2024 <br> TIME:  1:30 P.M. <br> CTRM:  6B, Hon. Frenando L. Aenlle-Rocha <br><br> [EX PARTE APPLICATION FOR LEAVE TO FILE LATE OPPOSTIION PENDING] |

I. **PLAINTIFFS' FIRST AMENDED COMPLAINT ADEQUATELY ALLEGES INTENTIONAL ACTS OF DISCRIMINATION, ASSAULT, BATTERY AND BREACH OF CONTRACT AGAINST THE DEFENDANT UNIVERSITY**

The first 13 pages of Defendant's motion to dismiss ("MTD") erroneously assert that Plaintiffs' allegations do not rise to the level of "intent" required under California law to state a cause of action.  ("Consistent with their text and legislative purpose, all three statutes [Bane Act, Unruh Act and Ralph Act] capture only *intentional* deprivations of civil rights or *intentional* discrimination"); ("Plaintiffs must plead and prove that USC's 'act of interference' with a civil right was itself 'deliberate or spiteful'); ("[A]s with the civil rights claims, California law requires

1

a defendant to specifically intend to facilitate an assault or battery by 'outside agitators' based on an aiding and abetting theory" (all citations omitted) (Defendant's MTD at pages 7-13).

The gravamen of Plaintiffs' Complaint in this "local controversy" action (originally filed in the Los Angeles County Superior Court by California citizens and members of the USC Family against California's UNIVERSITY OF SOUTHERN CALIFORNIA ("Defendant" or "USC")) is that USC ***intentionally and purposely*** aided, abetted, encouraged, facilitated and enabled a mob of pro-Hamas terrorist students and outside agitators to take over and operate its campus for weeks on end in late April and May 2024 to intimidate, assault, terrorize, and control access to the Campus and deny free passage for Jewish Students and Jewish Faculty Members. (Plaintiffs' First Amended Complaint ("FAC") at 2:2-10:10).

Plaintiffs allege, among other things, that they were denied passage to their places of study and work unless they disavowed "Zionism" and otherwise complied with demands from what has now fashionably become USC's "most favored" protestors and protests. Id.

The Jewish Faculty Member class representative alleges that he or she was specifically spat on by the terrorist mob, and the FAC generally alleges that "Jewish Students and Jewish Professors and Faculty were spat on by the Campus Terrorists if they dared to cross into the Encampment." (FAC at 2:25-27). These facts, in conjunction with the specific facts alleging the various means by which USC aided and abetted the Campus Terrorists, including USC's long-standing policies and procedures, establish the elements needed to constitute a classic case of common law assault and "battery."

The FAC alleges that Defendant not only knew or should have known about the terrorist mob (negligence), but also encouraged and enabled the event and the terrorists with virtually no pushback whatsoever (until donors threatened to pull their donations). (FAC at 2:2-12:31). Indeed, Plaintiffs allege that in some respects USC sponsored the terrorists. In response to

Plaintiffs' complaints, USC did nothing other than instruct Plaintiffs to work and study at home remotely rather than come to the Campus if they could not handle the heat.  Id.

The Court must accept as true the allegations in Plaintiffs' FAC if they show a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007); *Starr v. Bacca*, 652 F. 3d 1202, 1216 (9th Cir. 2011).  When a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. *Starr, supra* at 1216.

In this case, the allegations set forth in the FAC all give rise to valid claims against USC under the California BANE Act, Ralph Act, and Unruh Act.  (See Judicial Council of California, "Civil Jury Instructions" ("CACI")) (CACI 3066) ("Bane Act-Essential Factual Elements (Civ. Code 52.1"); (CACI 3067) ("Unruh Civil Rights Act-Damages (Civ. Code 51, 52"); (CACI 3068) ("Ralph Act-Damages and Penalty (Civ. Code 51.7, 52(b)."  The incorporated facts directly and indirectly assert intentional conduct and deprivation of Plaintiffs' civil rights under these state law statutes.

The allegations in the FAC also assert valid common law claims sounding in breach of contract," "negligence," "assault" and "battery."  (See CACI 303) ("Breach of Contract-Essential Factual Elements"), (CACI 400) ("Negligence-Essential Factual Elements"), (CACI 1300) (Battery-Essential Factual Elements) and (CACI 1301 ("Assault-Essential Factual Elements").

In this case, Plaintiffs have alleged the specific facts set forth in paragraphs 1-31 of the FAC into the referenced causes of action and in particular, the factual elements of proof needed to establish each claim.  This is confirmed by the applicable jury instructions referenced herein.

Thus, Plaintiffs and those similarly situated have alleged claims sufficient to entitle them to recover nominal damages and more importantly injunctive relief for the damages and harm caused by Defendant's conduct, action and inaction with respect to each of the statutes that

Plaintiffs allege Defendant has violated.

Moreover, Plaintiffs' class representatives are adequate to serve the putative class and there is no reason at this early pleading stage to strike the class allegations.

Accordingly, the Court should deny Defendant's motions to dismiss and strike in their entirety.

## II. IF THE COURT CONLCUDES THAT USC'S DEFENSES RE FAILURE TO PLEAD THE REQUISITE INTENT HAVE ANY MERIT, THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO ALLEGE THE REQUISITE INTENT

Contrary to the assertions of Defendant, Plaintiffs have clearly alleged direct facts and indirect facts and circumstances under which this Court can reasonably infer intentional deprivations of civil rights or intentional discrimination by USC and its Trustees.

For example, Plaintiffs allege that some of the outside agitators and guest professors causing the harm complained of by Plaintiffs were invited by USC to speak or teach at the USC campus with USC'S knowledge that just inviting them to speak or teach would foment the very kind of protests that gave rise to the encampments and discrimination at issue. Id.

Plaintiffs respectfully submit that USC's encouragement and appeasement of pro-Hamas and Jew-hating encampments of terrorists, and knowingly allowing encampments comprised of Jew-hating students and outside agitators to exist and flourish for weeks on end during the school year in the middle of USC's "town square"- is in and of itself an intentional act of defiance against all Jewish citizens and in particular, Jewish students and faculty members.

Thus, Plaintiffs have alleged facts and circumstances that show and demonstrate that Defendant and its trustees favor mob rule at the expense of Jewish Faculty Members and Students. This conduct constitutes "intentional" discrimination. USC's "tolerance" of mob rule is an intentional deprivation the civil rights of any Jewish Student or Jewish Faculty Member who does not feel he or she needs to tolerate it. Jews who pay to study and gain a degree from USC

4

and faculty members who happen to be Jewish should not be forced to remain in their offices or dorm rooms because they do not want, need or require daily reminders from terrorist mobs wearing traditional Khalifah and other masks to cover their true identities that Defendant's trustees are condoning and encouraging encampments created by Hamas supporting terrorist mobs who want to wipe Israel and all Jews off the face of the Earth.

To the extent that this Court agrees with Defendant and views that Plaintiffs' statutory discrimination and assault and battery claims do not plead the requisite intent, Plaintiffs should be allowed leave to amend to allege the intent that the Court finds wanting. See *Lillard v. Shelby County Board of Ed.*, 76 F. 3d 716, 724 (6th Cir. 1996) (motions to dismiss civil rights complaints should be "scrutinized with special care").

DATED: September 9, 2024

LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation

By: /s/*Bryan Christopher Castaneda*
Bryan Christopher Castaneda

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at Oak Park, California.

By: */s/Bryan Christopher Castaneda*
Bryan Christopher Castaneda

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER:**

4) **GRANTING PLAINTIFFS LEAVE TO FILE BELATED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**

5) **CONTINUING HEARING DATE ON DEFENDANT'S MOTION TO DISMISS AND STRIKE; OR**

6) **GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT**

**DECLARATION OF MICHAEL E. REZNICK IN SUPPORT THEREOF**

**[PROPOSED] ORDER**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 9, 2024 at Oak Park, California.

By: /s/Bryan Christopher Castaneda
Bryan Christopher Castaneda

4