Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel:  (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE**<br><br>DATE:  October 25, 2024<br>TIME:   1:30 P.M.<br>CTRM:  6B, Hon. Fernando L. Aenlle-Rocha |

I. **PLAINTIFFS REQUEST THAT THE COURT GRANT PLAINTIFFS' INTENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT DIVESTING THIS COURT OF SUBJECT MATTER JURISDICTION UNDER CAFA OR OTHERWISE BEFORE RULING ON DEFENDANT'S MOTION TO DISMISS AND STRIKE**

On September 18, 2024, the Court granted Plaintiffs' Ex Parte Application (requesting alternative relief) (the "Application").  See "Order Granting Plaintiffs' Ex Parte Application to File Opposition to Defendant's Motion to Dismiss" (the "Application") (Dkt. 37).  Among other things, ***the Court and Order invited Plaintiffs to file the motion for leave to file a proposed***

1

*amended complaint, described in the Application, that changes the putative class definitions to exclude any potential Jewish USC Student and Faculty class members who are not "citizens" of the State of California"* ("Motion to Amend") (Order at 2:10-11).

While the Court ordered Plaintiffs to file this Opposition by September 20, 2024, the Court did not set a deadline with respect to filing Plaintiffs' Motion to Amend. However, Plaintiffs intend to file their Motion to Amend on or before September 23, 2024 so the hearing date can and will be scheduled for the same date and time as the date the Court scheduled to hear Defendant's Motion to Dismiss and Strike (October 25, 2024 at 1:30 p.m.) (Dkt. 37, 38).

As more particularly set forth in the Application, *the proposed amended complaint will allege that Defendant is a citizen of the State of California and that all named Plaintiffs and putative class members are citizens of the State of California.*

Since the proposed amended pleading will divest this Court of subject matter jurisdiction under CAFA or otherwise by negating even "minimal diversity" between the parties, and there is no other basis alleged by Plaintiffs in the extant First Amended Complaint or proposed Second Amended Complaint that establishes federal jurisdiction, *Plaintiffs respectfully request that the Court defer ruling on Defendant's Motion to Dismiss and Strike until after it decides whether to grant Plaintiffs' Motion to Amend.* Simply stated, *if the Court grants Plaintiffs' Motion to Amend,* which is likely ("The court agrees . . . it is the policy of the Court to decide cases on the merit[s]") (Order at 1:27-2:2), *the proposed amended pleading will divest this Court of subject matter jurisdiction and require remand back to the Los Angeles County Superior Court.*

Judicial economy and efficiency as well as the principles of comity dictate that the Court rule on Plaintiffs' Motion to Amend before considering and ruling on Defendant's Motion to Dismiss and Strike because a ruling on Defendant's motions will not be necessary if the Court grants Plaintiffs' Motion to Amend. Defendant will not be prejudiced in any respect because it can file a

2

motion to dismiss or demurrer on the same grounds in the State Court action upon remand.

Similarly, the Court will not have to consider nor rule on the still pending OSC re remand or Plaintiffs' still pending remand motion if the Court grants Plaintiffs' Motion to Amend.

Accordingly, Plaintiffs respectfully request that the Court defer ruling on Defendant's Motion to Dismiss or Strike the extant FAC until deciding whether to grant Plaintiffs' Motion to Amend.

In lieu of receiving a favorable decision by the Court, Plaintiffs submit the following Opposition to Defendant's Motion to Dismiss or Strike:

## II. THE FIRST AMENDED COMPLAINT ADEQUATELY ALLEGES INTENTIONAL ACTS OF DISCRIMINATION, ASSAULT, BATTERY AND BREACH OF CONTRACT AGAINST THE UNIVERSITY

The first 13 pages of Defendant's motion to dismiss ("MTD") erroneously assert that Plaintiffs' allegations do not rise to the level of "intent" required under California law to state a cause of action. ("Consistent with their text and legislative purpose, all three statutes [Bane Act, Unruh Act and Ralph Act] capture only *intentional* deprivations of civil rights or *intentional* discrimination"); ("Plaintiffs must plead and prove that USC's 'act of interference' with a civil right was itself 'deliberate or spiteful'"); ("[A]s with the civil rights claims, California law requires a defendant to specifically intend to facilitate an assault or battery by 'outside agitators' based on an aiding and abetting theory" (all citations omitted) (Defendant's MTD at pages 7-13).

The gravamen of Plaintiffs' Complaint in this "local controversy" action (originally filed in the Los Angeles County Superior Court by California citizens and members of the USC Family against California's UNIVERSITY OF SOUTHERN CALIFORNIA ("Defendant" or "USC")) is that USC *intentionally and purposely* aided, abetted, encouraged, facilitated and enabled a mob of pro-Hamas terrorist students and outside agitators to take over and operate its campus for weeks on end in late April and May 2024 to intimidate, assault, terrorize, and control access to

the Campus and deny free passage for Jewish Students and Jewish Faculty Members. (Plaintiffs' First Amended Complaint ("FAC") at 2:2-10:10).

Plaintiffs allege, among other things, that they were denied passage to their places of study and work unless they disavowed "Zionism" and otherwise complied with demands from what has now fashionably become USC's "most favored" protestors and protests. Id.

The Jewish Faculty Member class representative alleges that he or she was specifically spat on by the terrorist mob, and the FAC generally alleges that "Jewish Students and Jewish Professors and Faculty were spat on by the Campus Terrorists if they dared to cross into the Encampment." (FAC at 2:25-27). These facts, in conjunction with the specific facts alleging the various means by which USC aided and abetted the Campus Terrorists, including USC's long-standing policies and procedures, establish the elements needed to constitute a classic case of common law assault and "battery."

The FAC alleges that Defendant not only knew or should have known about the terrorist mob (negligence), but also encouraged and enabled the event and the terrorists with virtually no pushback whatsoever (until donors threatened to pull their donations). (FAC at 2:2-12:31). Indeed, Plaintiffs allege that in some respects USC sponsored the terrorists. In response to Plaintiffs' complaints, USC did nothing other than instruct Plaintiffs to work and study at home remotely rather than come to the Campus if they could not handle the heat. Id.

The Court must accept as true the allegations in Plaintiffs' FAC if they show a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007); *Starr v. Bacca*, 652 F. 3d 1202, 1216 (9th Cir. 2011). When a complaint's allegations are capable of more than one inference, the court must adopt whichever plausible inference supports a valid claim. *Starr, supra* at 1216.

In this case, the allegations set forth in the FAC all give rise to valid claims against USC

under the California BANE Act, Ralph Act, and Unruh Act. (See Judicial Council of California, "Civil Jury Instructions" ("CACI")) (CACI 3066) ("Bane Act-Essential Factual Elements (Civ. Code 52.1"); (CACI 3067) ("Unruh Civil Rights Act-Damages (Civ. Code 51, 52"); (CACI 3068) ("Ralph Act-Damages and Penalty (Civ. Code 51.7, 52(b)." The incorporated facts directly and indirectly assert intentional conduct and deprivation of Plaintiffs' civil rights under these state law statutes.

The allegations in the FAC also assert valid common law claims sounding in breach of contract," "negligence," "assault" and "battery." (See CACI 303) ("Breach of Contract-Essential Factual Elements"), (CACI 400) ("Negligence-Essential Factual Elements"), (CACI 1300) (Battery-Essential Factual Elements) and (CACI 1301 ("Assault-Essential Factual Elements").

Plaintiffs have alleged and incorporated by reference the specific facts set forth in paragraphs 1-31 of the FAC into the referenced causes of action and in particular, the factual elements of proof needed to establish each claim. This is confirmed by the applicable jury instructions referenced herein. The facts alleged and reasonable inferences to be drawn from such allegations establish the requisite intent needed to state a claim.

Thus, Plaintiffs and those similarly situated have alleged claims sufficient to entitle them to recover nominal damages and more importantly injunctive relief for the damages and harm caused by Defendant's conduct, action and inaction with respect to each of the statutes that Plaintiffs allege Defendant has violated.

Moreover, Plaintiffs' class representatives are adequate to serve the putative class and there is no reason at this early pleading stage to strike the class allegations.

Accordingly, the Court should deny Defendant's motions to dismiss and strike in their entirety.

## III. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO ALLEGE THE REQUISITE INTENT IF IT CONCLUDES IT IS MISSING

Contrary to the assertions of Defendant, Plaintiffs have clearly alleged direct facts and indirect facts and circumstances under which this Court can reasonably infer intentional deprivations of civil rights or intentional discrimination by USC and its Trustees.

For example, Plaintiffs allege that some of the outside agitators and guest professors causing the harm complained of by Plaintiffs were invited by USC to speak or teach at the USC campus with USC'S knowledge that just inviting them to speak or teach would foment the very kind of protests that gave rise to the encampments and discrimination at issue. Id.

Plaintiffs respectfully submit that USC's encouragement and appeasement of pro-Hamas and Jew-hating encampments of terrorists, and knowingly allowing encampments comprised of Jew-hating students and outside agitators to exist and flourish for weeks on end during the school year in the middle of USC's "town square"- is in and of itself an intentional act of defiance against all Jewish citizens and in particular, Jewish students and faculty members.

Thus, Plaintiffs have alleged facts and circumstances that show and demonstrate that Defendant and its trustees favor mob rule at the expense of Jewish Faculty Members and Students. This conduct constitutes "intentional" discrimination. USC's "tolerance" of mob rule is an intentional deprivation the civil rights of any Jewish Student or Jewish Faculty Member who does not feel he or she needs to tolerate it. Jews who pay to study and gain a degree from USC and faculty members who happen to be Jewish should not be forced to remain in their offices or dorm rooms because they do not want, need or require daily reminders from terrorist mobs wearing traditional Khalifah and other masks to cover their true identities that Defendant's trustees are condoning and encouraging encampments created by Hamas supporting terrorist mobs who want to wipe Israel and all Jews off the face of the Earth.

To the extent that this Court agrees with Defendant and views that Plaintiffs' statutory discrimination and assault and battery claims do not plead the requisite intent, Plaintiffs should be allowed leave to amend to allege the intent that the Court finds wanting. See *Lillard v. Shelby County Board of Ed.*, 76 F. 3d 716, 724 (6th Cir. 1996) (motions to dismiss civil rights complaints should be "scrutinized with special care").

DATED: September 20, 2024

LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation

By: /s/Bryan Christopher Castaneda
Bryan Christopher Castaneda

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 20, 2024 at Oak Park, California.

By: _/s/Bryan Christopher Castaneda_
Bryan Christopher Castaneda