Bryan Christopher Castaneda, Esq. State Bar No. 275095
bryanchristophercastenada@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel: (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiffs DOE JEWISH USC FACULTY
MEMBER 2004 and DOE JEWISH USC STUDENT
1987, Individually And On Behalf Of All
Others Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT DIVESTING THIS COURT OF SUBJECT MATTER JURISDICTION BY NEGATING MINIMAL DIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>DATE: October 25, 2024<br>TIME: 1:30 P.M.<br>CTRM: 6B, Hon. Fernando L. Aenlle-Rocha |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** on October 25, 2024 or as soon thereafter as Counsel may be heard, in Courtroom 6B of this Court, located at 350 West 1st Street, Los Angeles, California, before the Honorable Fernando L. Aenlle-Rocha, Plaintiffs herein, individually and on behalf of all others similarly situated ("Plaintiffs") will and hereby do move the Court for leave to file a Second Amended Complaint that alleges and makes clear that the named Plaintiffs are citizens of the State of California and that it always was and is Plaintiffs' intent to limit the putative class members or potential class members to Plaintiffs who are citizens

1

of the State of California.

Plaintiffs were well-aware of the potential for CAFA removal when they filed the Complaint and First Amended Complaint ("FAC") in the Los Angeles County Superior Court and further contend that Defendant cannot establish even "minimal diversity" under the extant FAC. (See Plaintiffs' Motion for Remand) (Dkt.   ).  Among other things, the FAC alleges that:

> "This case is not subject to removal to federal court under the Class Action Fairness Act [(hereinafter "CAFA")] because the matter presents a home state or local controversy involving California discrimination statutes and law and California and Los Angeles based Jewish USC Professors and Faculty Members" [and by implication California students when the original complaint was amended to name a California citizen Jewish USC Student as a named Plaintiff and classx representative].

(FAC, para. 61).

Since Defendant concedes that it is a California citizen, a class of Plaintiffs and putative classes comprised of only California "citizens" defeats diversity jurisdiction under 28 USC section 1332 and even "minimal diversity" under CAFA.

The Second Amended Complaint makes this clear.

The only changes made to the FAC are under the sub-headings "The Parties" and "Class Action Allegations."  Among other things, the SAC limits the putative classes to California citizens and identifies with particularity that the named Plaintiffs and class representatives are both California citizens. (See SAC, para. 60, 61 and new para. 63.b.).

For example, new paragraph 63.b. amends old para. 61 to make the allegations clear that the parties are limited to California citizens:

> "This case is not subject to removal to federal court under the Class Action

Fairness Act because the matter presents a home state or local controversy involving only California residents and California discrimination statutes and law and Los Angeles based Jewish USC Professors and other Faculty Members and Students."

This motion is made on the grounds that the Court invited Plaintiffs to seek leave to file a Second Amended Complaint for the reasons stated when it issued its order granting Plaintiffs' Ex Parte Application seeking a continuance of Defendant's Motion to Dismiss that was filed in part on the grounds that a decision on the Court's OSC re Remand and Plaintiffs' Motion for Remand – which are still pending - will not be necessary if the Court issues a favorable ruling on the instant Motion for Leave to File a Second Amended Complaint because the Court will be divested of subject jurisdiction under CAFA or otherwise as soon as the Second Amended Complaint is deemed filed.

This motion is further made on the grounds that in the absence of bad faith, the Ninth Circuit ordinarily permits amended pleadings that defeat diversity jurisdiction, even when adding non-diverse defendants. See *Newcombe v. Adolf Coors Co.*, 157 F3d 686, 691 (9th Cir. 1998) ("joinder" is permissive rather than mandatory and gives the court discretion to deny joinder in analyzing a number of factors, all of which favor the Plaintiffs in this case). While Plaintiffs are not seeking "joinder" and believe that the Second Amended Complaint is consistent with each prior pleading on the issue of the absence of even "minimal diversity," the case is instructive about how the District Court's should rule on such matters. When an amendment to the complaint would deprive the court of subject matter jurisdiction, "a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to 28 USC section 1447(e)." *Vega v. Am Ins. Co.*, No. 20-cv-10631-FMO-JPRx, 2021 U.S. Dist. LEXIS 121430, 2021 WL 2665718, at *1 (C.D. Cal. June 29, 2021). See *Rodriguez*

*Andrade v. Ford Motor Co.*, 2023 U.S. Dist. LEXIS 47583, fn 2. *Newcombe,* supra, 157 F. 3d at 691.

  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the complete files and records in this action, including this Court's July 12, 2024 "Order to Show Cause Why Action Should Not Be Remanded For Lack Of Subject Matter Jurisdiction ("OSC"), Plaintiffs' response in support thereof, including the Declaration of Michael E. Reznick, the argument of counsel, and such other matters as the Court may consider.

  While the Court invited Plaintiffs to file the instant motion in its "Order Granting Plaintiffs' Ex Parte Application" (Dkt. 37), Plaintiffs also met and conferred with Defendant's counsel pursuant to Local Rule 7-3 before filing the instant motion and sought a stipulation for the same relief and remand, to no avail.

DATED: September 23, 2024

LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation


By: /s/*Bryan Christopher Castaneda*
   Bryan Christopher Castaneda

Attorney for Plaintiffs DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf Of All Others Similarly Situated

4

I. **THE COURT MAY AND SHOULD GRANT PLAINTIFFS LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT BECAUSE IT WILL DIVEST THIS COURT OF SUBJECT MATTER JURISDICTION AND MAKE CLEAR WHAT PLAINTIFFS ALWAYS INTENDED – THAT THIS CASE SHOULD BE PROSECUTED IN CALIFORNIA STATE COURT BETWEEN CALIFORNIA CITIZENS AND DEFENDANT**

A, **Procedural History:**

Plaintiffs filed their original Complaint in the Los Angeles County Superior Court in or about May 2024 and made but one amendment before service: Naming a California citizen as a Jewish USC Student Plaintiff and class representative in addition to the Jewish USC Faculty Member and class representative.

While there is not a single federal claim alleged and Plaintiffs are both citizens of the State of California, Defendant removed the First Amended Complaint ("FAC") on or about July 8 under CAFA, asserting in the Notice of Removal (the "Notice") that there was "minimal diversity, that Plaintiffs sought damages exceeding $5 million and that the classes exceeded 50 members.

None of the facts stated in the Notice was true and none have been established by Defendant.

About a week later Defendant filed its "Motion to Dismiss" and to Strike the Class Allegations.

The Court recognized the deficiencies with respect to Defendant's Notice and thus issued an OSC re Remand. Plaintiffs subsequently filed a motion to remand the case. Both matters are still pending.

By the instant proposed Second Amended Complaint ("SAC") – which Plaintiffs contend

should not even be necessary in light of the expressed and implied intent pleaded by Plaintiffs to avoid CAFA removal – the SAC makes clear that this Court lacks subject matter jurisdiction because Defendant is a California citizen and the amended pleading will make clear that all Plaintiffs henceforth will be limited to California citizens.

**B.    Applicable Law:**

As a general rule, the "well pleaded" complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. This means that absent diversity, a case is removable only where a federal question is presented on the face of the complaint. ""[T]he party who brings a suit is master to decide what law he will rely on." Caterpillar Inc. v. Williams (1987) 42 US 386, 392. Thus, where (as here) plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Systems, Inc. (9th Cir. 1996 80 F. 3d 339, 344.

Plaintiffs did just that in preparing the original and SAC, ignoring any federal civil rights statutes and attempting to make it as clear as they could that this is a local controversy between local residents and citizens against a California institutional giant. "Minimal diversity" never existed and as set forth in Plaintiffs' remand motion the case should be remanded without a SAC.

To the extent that the Court deems the SAC necessary for remand, the applicable law (at least when a party tries to join a non-diverse Plaintiff for the express purpose of defeating jurisdiction) requires a balancing of factors. See *Newcombe v. Adolf Coors Co.*, 157 F3d 686, 691 (9th Cir. 1998). All of the ***Newcombe*** and Ninth Circuit factors favor Plaintiffs in this case.

**C.    Conclusion**

The Court should permit an amended pleading if there is any plausible claim that can be stated. *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 570. While Plaintiffs are not required to argue Defendant's MTD at this stage, Plaintiffs' claims are not only meritorious they are

6

factually specific and detailed. But the only amendment sought here is to amend the pleading to make clear that this Court never had jurisdiction and upon granting leave to amend will not have jurisdiction.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the attached Second Amended Complaint and issue an OSC or order thereafter remanding this case back to the Los Angeles County Superior Court so that as Plaintiffs can litigate their claims in the State forum they always intended.

DATED: September 22, 2024         LAW OFFICES OF MICHAEL E. REZNICK
                                  A Professional Corporation


                                  By: /s/Bryan Christopher Castaneda
                                      Bryan Christopher Castaneda

                                  Attorney for Plaintiffs DOE JEWISH USC
                                  FACULTY MEMBER 2004 and DOE JEWISH
                                  USC STUDENT 1987, Individually And On Behalf
                                  Of All Others Similarly Situated

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2024, I served the following documents by and through the CM/ECF system all parties of record to this action and interested parties who are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT DIVESTING THIS COURT OF SUBJECT MATTER JURISDICTION BY NEGATING MINIMAL DIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] SECOND AMENDED COMPLAINT**

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 22, 2024 at Oak Park, California.

By: /s/Bryan Christopher Castaneda
Bryan Christopher Castaneda