1  Rasha Gerges Shields (Cal. Bar No. 218248)
   rgergesshields@jonesday.com
2  Tyler J. Scott (Cal. Bar No. 341039)
   tscott@jonesday.com
3  JONES DAY
4  555 South Flower Street, 50th Floor
   Los Angeles, CA 90071
5  Telephone: +1.213.243.2719
   Facsimile: +1.213.243.2539
6
7  Attorneys for Defendant
   UNIVERSITY OF SOUTHERN CALIFORNIA
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**DEFENDANT USC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Declaration of Rasha Gerges Shields filed concurrently herewith]<br><br>**Date:** October 25, 2024<br>**Time:** 1:30 P.M.<br>**Place:** Courtroom 6B<br>**Judge:** The Honorable Fernando L. Aenlle-Rocha |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

I.    Procedural and Factual Background ................................................................ 2

    A.    Overview of Relevant Filings ................................................................ 2

    B.    Plaintiffs Promised to Propose Dates and Times to Meet and Confer, but Filed the Present Motion Instead. ........................................ 3

    C.    The Operative Complaint Is Not Limited to California Citizens. ......... 4

    D.    Plaintiffs' Proposed Complaint Purports to Only Amend Class Allegations. ............................................................................................. 5

II.    The Court Should Deny Plaintiffs' Request for Leave to Amend Their Complaint .......................................................................................................... 6

    A.    Plaintiffs Failed to Comply With Local Rule 7-3. ................................. 7

    B.    The Amendment Is Futile Because It Will Have No Impact on the CAFA Analysis. ............................................................................... 8

    C.    The Amendment Does Not Fix the Defects in Plaintiffs' Operative Complaint. ............................................................................ 10

CONCLUSION ............................................................................................................. 12

CERTIFICATE OF COMPLIANCE ........................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Davis Wright Tremaine LLP*,
  No. 3:20-CV-01194, 2021 WL 7184127 (D. Or. 2021)........................................9

*Andrade v. Ford Motor Co.*,
  No. 3:22-CV-291, 2023 WL 2586302 (S.D. Cal. 2023) ....................................10

*Arana v. Tesla Motors, Inc.*,
  No. 2:22-CV-08664, 2024 WL 693802 (C.D. Cal. 2024)....................................7

*Broadway Grill, Inc. v. Visa Inc.*,
  856 F.3d 1274 (9th Cir. 2017) ................................................................. 1, 2, 8, 9

*Calco v. Ossur Americas, Inc.*,
  No. SACV2201971, 2024 WL 694369 (C.D. Cal. 2024) ...................................7

*Follmer v. Mutaguchi*,
  No. 19CV01824-FLA, 2021 WL 4816866 (C.D. Cal. 2021) .........................3, 7

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009) .............................................................................11

*Hargett v. RevClaims, LLC*,
  854 F.3d 962 (8th Cir. 2017) ...............................................................................8

*Howard v. Aetna Life Ins. Co.*,
  No. CV2201505, 2024 WL 305701 (C.D. Cal. 2024) .........................................7

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) .............................................................................8

*Kosieradzki v. Eversource Serv. Energy Co.*,
  No. 3:20-CV-01338, 2021 WL 1227571 (D. Conn. 2021) ................................10

*Louisiana v. Am. Nat. Prop. Cas. Co.*,
  746 F.3d 633 (5th Cir. 2014) ..................................................................................8

*Mesa Digit., LLC v. TCL Commc'n, Inc.*,
  No. SACV 23-02133, 2024 WL 1651959 (C.D. Cal. 2024) ................................7

*Mirmehdi v. United States*,
  689 F.3d 975 (9th Cir. 2012) ................................................................................11

*Nunes v. Ashcroft*,
  375 F.3d 805 (9th Cir. 2004) ..................................................................................8

*Quismundo v. Trident Soc'y, Inc.*,
  No. 317CV1930, 2017 WL 11671750 (S.D. Cal. 2017) .......................................9

*Reece v. AES Corp.*,
  638 Fed. Appx. 755 (10th Cir. 2016) ....................................................................8

*Romano v. Northrop Grumman Corp.*,
  No. CV 16-5760(DRH), 2017 WL 6459458 (E.D.N.Y. 2017) ..........................10

*San Francisco Patrol Special Police Officers v. City and Cnty. of San Francisco*,
  13 Fed. Appx. 670 (9th Cir. 2001) ......................................................................11

*SUSA Fin., Inc. v. Strauss*,
  No. SACV 23-02127-CJC, 2024 WL 1684486 (C.D. Cal. 2024) ........................7

*Vega v. Am. Ins. Co.*,
  No. CV 20-10631, 2021 WL 2665718 (C.D. Cal. 2021) ...................................10

**STATUTES**

Class Action Fairness Act ................................................................................*passim*

**OTHER AUTHORITIES**

Local Rule 7-3 ............................................................................................1, 3, 4, 6, 7

S. Rep. 109–14 .........................................................................................................9

# INTRODUCTION

Two Jewish plaintiffs filed this case against defendant University of Southern California ("USC" or the "University") following recent campus protests over the Israel-Hamas war. Plaintiffs allege violations of the Bane, Unruh, and Ralph Acts, as well as tort and breach of contract claims. USC has shown that the Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"). *See* Dkts. 18, 26. It has also shown that plaintiffs' operative complaint (the "First Amended Complaint" or "FAC") should be dismissed on the merits for failure to state a claim. *See* Dkt. 10.

But now, plaintiffs seek to file a third complaint. Dkt. 49. Plaintiffs do not add any new factual allegations or bolster their operative complaint after reviewing USC's motion to dismiss. Instead, plaintiffs offer a proposed new complaint with just one substantive change: limiting the putative class to only California citizens for the sole and express purpose of "negating" minimal diversity and "divesting" this Court of CAFA subject matter jurisdiction. *Id.* at 2. That effort fails, and the motion should be denied for three independent reasons.

*First*, as a threshold matter, plaintiffs failed to comply with Local Rule 7-3. That rule required them to "thoroughly discuss" the instant motion with USC and explore the potential for agreement. Here, plaintiffs' final communication before filing the instant motion was a promise to "propos[e] the times and dates" for the required meet-and-confer discussion. *See* Declaration of Rasha Gerges Shields ("Shields Decl.") ¶ 3, Ex. B, at 10 (Sept. 19 Email from B. Castaneda). Plaintiffs never proposed anything; they simply filed their motion. That does not suffice; the motion should be denied.

*Second*, plaintiffs' proposed complaint is futile because it does not accomplish their stated purpose of negating CAFA jurisdiction by eliminating minimal diversity. As USC has explained—over and over again—"citizenship of the class for purposes of minimal diversity [under CAFA] must be determined as of the operative complaint at the date of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th

Cir. 2017). The Ninth Circuit has expressly rejected the exact maneuver plaintiffs try here. *Id*. Plaintiffs cannot amend their class definition after removal to divest the Court of subject matter jurisdiction.

*Third*, plaintiffs' amendment is also futile because it does nothing to save plaintiffs' claims on the merits. Plaintiffs do not purport to overcome the numerous shortcomings USC has identified (*see* Dkt. 10), and their proposed new allegations are directed exclusively at their misguided jurisdictional goal (Dkt. 49, at 7).

Plaintiffs' current effort once again highlights that this case is properly in federal court and should be dismissed on the merits with prejudice. Plaintiffs' putative class at the time of removal includes plaintiffs who are citizens of other states, as USC demonstrated when removing this case and when opposing remand. *See* Dkts. 1, 18, 26. And plaintiffs do not try to shore up their deficient allegations in their proposed complaint—even though they have had USC's dismissal arguments in hand for months. *See* Dkts. 10, 32. Plaintiffs add nothing because there is nothing to add. And what they have fails to state a claim. The Court should, therefore, deny plaintiffs' motion for leave to amend and grant USC's pending motion to dismiss with prejudice.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   Overview of Relevant Filings

Plaintiffs filed their original complaint on May 15, 2024, and their operative complaint—the FAC—on June 5, 2024, in state court. Dkt. 1, Ex. A. The operative complaint asserts claims on behalf of a putative class of all Jewish students and faculty at USC for violations of the Bane, Unruh, and Ralph Acts. Dkt. 1, Ex. A-7, FAC ¶¶ 63–82. Plaintiffs also allege that USC aided and abetted intentional torts for assault and battery. *Id*. ¶¶ 95–107. The FAC also includes claims for negligence (Count IV), breach of contract (Count V), a "declaration" (Count VIII), and an "injunction" (Count IX). *Id*. ¶¶ 83–94, 108–113.

USC removed the case to federal court pursuant to CAFA on July 8, 2024. Dkt. 1. Plaintiffs later moved to remand the case to state court. Dkt. 25; *see also* Dkt. 9

(Court's order to show cause regarding subject matter jurisdiction). USC has shown that CAFA's requirements were met at the time of removal—including minimal diversity and amount in controversy—and that plaintiffs have not established that a CAFA exception applies. Dkt. 1, 18, and 26. The Court took plaintiffs' remand motion under submission and ordered the parties to "continue litigating this action diligently, while awaiting the court's ruling." Dkt. 28.

USC filed its Motion to Dismiss on July 15, 2024. Dkt. 10. Plaintiffs missed the deadline for responding to USC's motion, but the Court permitted plaintiffs to file a late response. Dkt. 37. In that response, plaintiffs failed to address numerous dispositive arguments that require dismissal of each of their claims. Dkt. 39. Plaintiffs also expressed a desire to amend their complaint, but did not then explain how any potential amendment would cure the defects in their pleadings. *Id*. USC's motion to dismiss is scheduled to be heard on the same day as the instant motion (October 25).

### B. Plaintiffs Promised to Propose Dates and Times to Meet and Confer, but Filed the Present Motion Instead.

On September 18, plaintiffs' counsel wrote to USC's counsel to "advise[] that [plaintiffs] intend to amend the class definition to limit Plaintiffs to only Jewish USC Students and Faculty Members who are citizens of the State of California" in an attempt to "negate federal jurisdiction under CAFA." *See* Shields Decl. ¶ 2, Ex. A, at 5 (Sept. 18 Email from M. Reznick). The next day, USC's counsel responded, noted that this Court's precedent is clear that an email is insufficient to meet and confer, and invited plaintiffs to propose times for a live meet and confer on the phone. *See id.*, at 2 (Sept. 19 Email from R. Shields); *see also Follmer v. Mutaguchi*, No. 19CV01824-FLA, 2021 WL 4816866, at *4 (C.D. Cal. 2021) ("The purpose of Local Rule 7-3 is not served by emailing a draft motion, without further discussion, and placing the onus to meet and confer on the opposing party."). USC's counsel also sought clarity on who represents plaintiffs in these proceedings in the Central District of California,

given that one of plaintiffs' attorneys is suspended from practicing before this Court.[1] *See* Shields Decl. ¶ 2, Ex. A, at 4 (Sept. 19 Email from R. Shields).

Plaintiffs' suspended counsel, Mr. Reznick, declined to schedule a meet and confer. *See id.*, at 3 (Sept. 19 Email from M. Reznick). But plaintiffs' counsel of record, Mr. Castaneda, emailed separately four minutes later, promising to "propose[] the times and dates" to meet and confer "in the next email." *See* Shields Decl. ¶ 3, Ex. B, at 10 (Sept. 19 Email from B. Castaneda). USC's counsel responded, indicating that USC "will await your email for proposed dates/times for our meet and confer." *See id.* (Sept. 19 Email from R. Shields).

Plaintiffs never proposed dates and times for a meet and confer, and instead filed the present motion. Even more disappointing is plaintiffs' representation that "Plaintiffs also met and conferred with Defendant's counsel pursuant to Local Rule 7-3 before filing the instant motion and sought a stipulation for the same relief and remand, to no avail." Dkt. 49, at 4. That representation is not correct. Plaintiffs never even proposed a time for the promised meet and confer.

Plaintiffs' motion and associated documents were stricken and refiled multiple times. *See* Dkt. 40, 41, 44, 45, 47. Each time, plaintiffs represented that they had complied with the meet and confer requirement, even after USC's counsel informed plaintiffs that the representation was incorrect. *See* Shields Decl. ¶ 3, Ex. B, at 9 (Sept. 24 Email from R. Shields to B. Castaneda).

C. **The Operative Complaint Is Not Limited to California Citizens.**

Plaintiffs' motion to amend suggests that they are trying to "make[] clear" that

---

[1] Despite his suspension, Mr. Reznick has submitted a declaration to this Court representing that he is "counsel of record for Plaintiffs" and "solely responsible" for at least one of plaintiffs' filings in this Court and plaintiffs' missed deadline. Dkt. 35, at 4; *see also* Dkt. 36 (citing *In re Michael Reznick*, No. 2:23-ad-1 PSG (C.D. Cal. May 8, 2023) at Dkt. 7 (Order of Suspension following reciprocal disciplinary review by the Central District of California); *In re Disciplinary Proceeding of Michael E. Reznick*, No. 2:22-mp-104-BB (Bankr. C.D. Cal. Dec. 29, 2022) at Dkt. 27).

their putative class consists of only California citizens. Dkt. 49 at 1. That is not correct: that limitation is found nowhere in the operative complaint. Rather, the operative complaint states that plaintiffs seek to represent a class of "Jewish Students and Jewish Professors and Faculty" at USC. FAC ¶¶ 2 ("Plaintiffs, Jewish Students and Jewish Professors and Faculty"), 3 (same), 12 (same with typo), 13 (same), 63 ("Jewish Professors and Faculty members and Jewish Students"); *see id.* ¶ 4 ("Jewish Students and Faculty"), 6 (same), 14 (same), 15 (same), 17 (same), 18 (same), 63(c) (same), 64 (same), 72 (same), 80 (same), 84 (same), 86 (same), 91 (same), 97 (same) 109 (same); *see also id.* ¶ 8 (referencing "Defendant University's large Jewish student body and faculty"), 71 ("University Students and Faculty" that are "Jewish or Israeli"); *see also* Dkt. 26 at 6–7.

As USC has already shown, that putative class includes citizens of Guatemala and New York, satisfying minimal diversity. *See* Dkt. 1 ¶¶ 23–24; Dkt 1-10 (Chang Decl.) ¶ 4; Dkt. 26 at 6–7.

### D. Plaintiffs' Proposed Complaint Purports to Only Amend Class Allegations.

Plaintiffs' proposed complaint, the Second Amended Complaint ("SAC"), purports to limit the putative class to only Jewish USC professors and students "who are California citizens who suffered damages and harm as a result of Defendant University's conduct." SAC ¶¶ 60–61. The following redline between Paragraph 60 of the FAC and proposed complaint shows the newly limited faculty class:

> 60. Plaintiff DOE JEWISH USC FACULTY MEMBER 2004, Individually And On Behalf Of All Others Similarly Situated ("Plaintiff" or "Plaintiffs" or "Jewish Professor"), sues in Jewish Professor's individual capacity as a Jewish USC Professor <ins>and citizen of the State of California</ins> who suffered damages and harm as a result of Defendant University's conduct and as a representative <del>on behalf</del> of all other similarly situated Jewish Professors <ins>who are California citizens who suffered damages and harm as a result of Defendant University's conduct</ins>.

And the following redline between Paragraph 61 of the FAC and proposed complaint shows the newly limited student class:

> 61. Plaintiffs DOE JEWISH USC STUDENT 1987 ("Jewish Student or Students"), Individually And On Behalf Of All Others Similarly Situated, is a Jewish USC Student ~~who sues in Jewish~~ and citizen of the State of California who suffered damages and harm as a result of Defendant University's conduct. Plaintiff is suing in Jewish Student's individual capacity as a Jewish USC ~~Professor who suffered damages and harm as a result of Defendant University's conduct~~ Student and as a representative on behalf of all ~~other~~ similarly situated Jewish ~~Professors~~ Students who are citizens of the State of California.

A full redline is attached as Exhibit C to the Declaration of Rasha Gerges Shields filed concurrently herewith. Consistent with plaintiffs' representation, the amendments are directed at limiting the class allegations to California citizens. Dkt. 49, at 3. Plaintiffs do not make any substantive changes to their "merits" allegations. *See* Shields Decl. ¶ 4, Ex. C.

## II. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THEIR COMPLAINT.

Plaintiffs' motion fails for three independent reasons.

- *First*, plaintiffs failed to comply with Local Rule 7-3 before filing their motion for leave to amend;
- *Second*, the proposed complaint is futile because it cannot accomplish the sole purpose for which it is offered: divesting the Court of CAFA jurisdiction.
- *Third*, the proposed complaint does not purport to cure any of the defects and omissions that defeat plaintiffs' existing complaint on the merits.

Plaintiffs' motion for leave to file the proposed complaint should be denied on each

of these grounds.

## A. Plaintiffs Failed to Comply With Local Rule 7-3.

"Compliance with the Local Rules is not optional." *Calco v. Ossur Americas, Inc.*, No. SACV2201971, 2024 WL 694369, at *1 (C.D. Cal. 2024). Local Rule 7-3 unambiguously requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." The conference "must take place at least 7 days prior to the filing of the motion." *Id*. The rule serves both to conserve judicial resources and promote cooperation among opposing counsel by requiring them to explore the potential for reaching an agreement. *See Calco*, 2024 WL 694369, at *1. Courts in the Central District regularly enforce this requirement. *E.g.*, *id*.; *Mesa Digit., LLC v. TCL Commc'n, Inc.*, No. SACV 23-02133, 2024 WL 1651959, at *2 (C.D. Cal. 2024); *Howard v. Aetna Life Ins. Co.*, No. CV2201505, 2024 WL 305701, at *1 (C.D. Cal. 2024); *SUSA Fin., Inc. v. Strauss*, No. SACV 23-02127-CJC, 2024 WL 1684486, at *2 (C.D. Cal. 2024); *Arana v. Tesla Motors, Inc.*, No. 2:22-CV-08664, 2024 WL 693802, at *2 (C.D. Cal. 2024).

Here, plaintiffs plainly did not satisfy their obligation to meet and confer with defendant. As this Court has explained, "[t]he purpose of Local Rule 7-3 is not served by emailing a draft motion, without further discussion, and placing the onus to meet and confer on the opposing party." *Follmer*, 2021 WL 4816866, at *3. Plaintiffs, however, failed to engage in any discussion about the substance of plaintiffs' proposed motion. Mr. Resnick insisted that his conclusory email was sufficient to satisfy Local Rule 7-3. *See* Shields Decl. ¶ 2, Ex. A, at 3 (Sept. 19 Email from M. Reznick). Mr. Castaneda promised to schedule a meet and confer pursuant to USC's request, but never did. Shields Decl. ¶ 3, Ex. B. Instead, plaintiffs simply filed their motion and falsely stated—over and over—that they complied with the rule. *See* Dkts. 40, 41, 44, 47 and 49 (all at page 4). Plaintiffs' motion should be denied for failing to comply with Local Rule 7-3. *Mesa Digit., LLC*, 2024 WL 1651959, at *1

("Accepting . . . counsel's clearly deficient . . . attempt at conferring with opposing counsel would incentivize parties to ignore the Central District's important conferral requirements.").

### B. The Amendment Is Futile Because It Will Have No Impact on the CAFA Analysis.

"Futility alone . . . justif[ies] the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, plaintiffs are candid: they offer their proposed complaint to "limit[] the putative classes to California citizens" and "divest[]" this Court of "subject [matter] jurisdiction under CAFA." Dkt. 49, at 2–3. The only material changes in the proposed complaint are those that limit the putative class. *See id.*, at 7; Shields Decl. ¶ 4, Ex. C.

Plaintiffs' attempt to negate CAFA jurisdiction is squarely precluded by binding Ninth Circuit precedent. In *Broadway Grill*, the plaintiff attempted to do exactly what plaintiffs purported to do here: "Broadway Grill sought leave to amend the complaint to change Plaintiff class to include only 'California citizens,' in order to eliminate minimal diversity." 856 F.3d at 1276. The Ninth Circuit rejected that effort, holding that "citizenship of the class for purposes of minimal diversity *must be determined as of the operative complaint at the date of removal*." *Id*. at 1279 (emphasis added); *accord Hargett v. RevClaims, LLC*, 854 F.3d 962, 966 (8th Cir. 2017) ("Nor do we consider Hargett's amended complaint, which redefined the class."); *Reece v. AES Corp.*, 638 Fed. Appx. 755, 775 (10th Cir. 2016) ("post-removal amendments are ineffective to divest a federal court of jurisdiction"); *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) ("[e]very circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction" and collecting cases). Modification of the class definition after removal simply cannot affect CAFA jurisdiction.

Moreover, when Congress passed CAFA, it specifically rejected the notion that

post-removal amendments could negate federal jurisdiction as contrary to its goals of "expanding federal class action jurisdiction" and promoting forum stability in class action litigation. *Broadway Grill*, 856 F.3d at 1278–1279 (discussing S. Rep. 109–14, 2005 WL 627977 *68 (Feb. 28, 2005)). In *Broadway Grill*, as here, "plaintiffs have attempted to do what CAFA was intended to prevent: an amendment changing the nature of the class to divest the federal court of jurisdiction." *Broadway Grill*, 856 F.3d at 1279.

Since *Broadway Grill*, district courts have consistently rejected attempts by plaintiffs to flout the Ninth Circuit's holding. In *Dada v. Cybercoders*, for example, the plaintiff filed a post-removal amended complaint that "introduced a citizenship limitation to restrict the class to California citizens." No. SACV1801023, 2018 WL 6133673, at *3 (C.D. Cal. 2018). The court correctly barred that attempt, explaining that tactic is "in direct contravention of the Ninth Circuit's holding in *Broadway*." *Id.* So too here—plaintiffs cannot circumvent *Broadway* simply by ignoring it. *See, e.g.*, *Quismundo v. Trident Soc'y, Inc.*, No. 317CV1930, 2017 WL 11671750, at *1 n.1 (S.D. Cal. 2017) ("[In *Broadway Grill*], the court made it clear that for diversity purposes CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal.") (internal quotation omitted); *Anderson v. Davis Wright Tremaine LLP*, No. 3:20-CV-01194, 2021 WL 7184127, at *5 (D. Or. 2021), *report and recommendation adopted*, 2022 WL 562024 (D. Or. 2022) ("In line with *Broadway Grill*, citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal.") (internal quotations omitted).

To the extent that "[p]laintiffs argue that the [proposed complaint] simply clarifies the class definition . . . to specify that it consists only of California citizens," that attempt fails. *Compare Dada*, 2018 WL 6133673, at *3 *with* Dkt. 49, at 6–7. Once again, the court's analysis in *Dada* applies here too: "In the FAC, there were no limitations placed on the class based on citizenship." 2018 WL 6133673, at *3;

9

*see* FAC ¶¶ 60–61.  A new proposed complaint that purports to clarify that class is irrelevant.  *Id*. at *4 ("[T]he Court must look to the operative complaint at the time of removal to determine jurisdiction under CAFA."); *see also Kosieradzki v. Eversource Serv. Energy Co.*, No. 3:20-CV-01338, 2021 WL 1227571, at *8 (D. Conn. 2021) (the Ninth Circuit does not permit a defendant to "change a class definition" to clarify CAFA jurisdiction); *Romano v. Northrop Grumman Corp.*, No. CV 16-5760(DRH), 2017 WL 6459458, at *5 (E.D.N.Y. 2017) (same).  There is no reason here to depart from that uniform rule.[2]

Finally, all of plaintiffs' cited cases are inapposite because none of them concern post-removal amendments of class definitions in CAFA cases and none of them suggest that plaintiffs' instant maneuver can defeat federal subject matter jurisdiction.  In *Newcombe v. Adolf Coors Co.*, a non-class, traditional diversity case (and pre-CAFA), the issue was whether adding a new defendant could destroy complete diversity post-removal.  157 F.3d 686, 690-91 (9th Cir. 1998).  The Ninth Circuit confirmed the district court did not abuse its discretion in denying the plaintiff's motion to remand.  *Id*. at 691.  The district court opinions cited by plaintiffs are also non-class, traditional diversity cases that concerned adding non-diverse defendants post-removal.  *See Vega v. Am. Ins. Co.*, No. CV 20-10631, 2021 WL 2665718, at *1–2 (C.D. Cal. 2021); *Andrade v. Ford Motor Co.*, No. 3:22-cv-291, 2023 WL 2586302, at *1–3 (S.D. Cal. 2023).  These non-class, non-CAFA cases about adding defendants are simply not applicable here.

### C.  The Amendment Does Not Fix the Defects in Plaintiffs' Operative Complaint.

In its motion to dismiss (Dkt 10), USC showed that *all* of plaintiffs' claims fail for multiple reasons, and that plaintiffs' class allegations should be struck.  Dkt 10.

---

[2] To be clear, even if the Court were to "accept[] the filing of the [proposed complaint], the Court must look to the operative complaint at the time of removal to determine jurisdiction under CAFA." *Dada*, 2018 WL 6133673, at *4.

Plaintiffs' opposition focused *only* on whether plaintiffs plausibly alleged the specific intent required for their civil rights claims and their aiding-and-abetting theory for intentional torts. *See* Dkt. 39, at 1–3. Plaintiffs ignored entirely—and therefore conceded—the remaining dispositive reasons for dismissing many of the claims.

Although plaintiffs claimed that an amended complaint could "cure . . . substantive or procedural defects," plaintiffs have not added *any* allegations related to the merits of their claims. Dkt. 35, at 2, 7; *accord* Dkt. 49, at 7 ("[T]he only amendment sought here is to amend the pleading to make clear that this Court never had jurisdiction and upon granting leave to amend will not have jurisdiction."). In other words, the proposed complaint does "not propose any new facts or legal theories" and therefore supplies "no basis" for amendment to address the defects identified by USC. *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (district court did not abuse discretion to deny leave to amend where plaintiffs "did not explain how they would cure the deficiencies" in the existing complaint); *see also San Francisco Patrol Special Police Officers v. City and Cnty. of San Francisco*, 13 Fed. Appx. 670, 675 (9th Cir. 2001) (affirming district court denial of leave to amend where the "opposition to the defendants' motion to dismiss includes only a cursory discussion of what the proposed amended complaint would allege"). Thus, the Court should deny plaintiffs' motion to amend because the proposed complaint repeats the same insufficient claims that were pled in the FAC, without any attempt at curing the errors. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile.").

Plaintiffs' choice is all the more notable here because they have had USC's motion to dismiss opening brief since July 15 (Dkt. 10), and a preview of USC's arguments in reply since September 10 (Dkt. 32). Nevertheless, they have not substantively amended their merits allegations—because there is no substance to add. The futility of plaintiffs' proposed complaint only reaffirms that USC's motion to

dismiss should be granted with prejudice.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' motion for leave to file a second amended complaint.

Dated: October 4, 2024  Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
    Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant University of Southern California, certifies that this brief contains 3,469 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: October 4, 2024

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
    Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA