Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:    **October 25, 2024**<br>Time:    **1:30p.m.**<br>Place:    **Courtroom 6B**<br>Judge:   **The Honorable**<br>               **Fernando L. Aenlle-Rocha** |

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

I. Background................................................................................................ 2

II. Plaintiffs' Response Does Not—And Cannot—Show That The Complaint Survives A Motion To Dismiss ...................................................... 4

III. Plaintiffs Do Not Respond To Any Of USC's Arguments That The Class Allegations Should Be Stricken............................................................... 7

IV. The Court Should Dismiss Plaintiffs' Complaint With Prejudice And Deny Plaintiffs' Request For Leave To File A Fourth Complaint................... 8

CONCLUSION......................................................................................................... 10

CERTIFICATE OF COMPLIANCE....................................................................... 11

# INTRODUCTION

Two Jewish plaintiffs—one a student, the other a faculty member—filed this putative class action against defendant University of Southern California ("USC" or the "University") following recent campus protests over the Israel-Hamas war. Plaintiffs' conclusory claims fail to show a plausible entitlement to relief. In fact, plaintiffs do not even address—and therefore concede—dispositive arguments supporting USC's motion to dismiss, and they make no attempt to demonstrate the adequacy of their class claims. The failure to offer any response to dispositive arguments is alone sufficient for USC's motion to be granted with prejudice. At the very least, plaintiffs' class allegations should be struck.

The operative complaint spends most of its ink and energy trying to link the acts of "campus terrorists" to the "Hamas-supporting Biden Administration," "the Soros Foundation," and "dark-money political action groups." Dkt. 1, Ex. A-7, First Amended Complaint ("FAC") ¶¶ 1, 4, 8. But the complaint falls short where it counts: it offers few allegations to support *these plaintiffs'* specific civil rights, tort, and contract claims *against USC*. And plaintiffs have made *no attempt* to show why they are adequate class representatives, or that their claims are even suitable for class treatment. Accordingly, USC moved to dismiss the complaint with prejudice under Rule 12(b)(6), and alternatively to strike plaintiffs' deficient class allegations under Rules 12(f) and 23. *See* Dkt. 10.

Plaintiffs' response to USC's motion to dismiss? Almost no response at all. *See* Dkt. 39, at 3–7. Plaintiffs seeking to survive a motion to dismiss typically try to point out the well-pleaded factual allegations that make their claims plausible. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (plaintiffs must "show[] . . . that the pleader is entitled to relief") (quotation marks omitted). But here, plaintiffs do not (because they cannot) show that USC intended to deprive its own students and faculty of a protected right on the basis of religion, to take one example. *See* Dkt 10, at 9–12. Instead, plaintiffs merely parrot their conclusory assertions about USC's

1

DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

intentions. *E.g.*, Dkt. 39, at 3 (emphasizing the claim that "USC **intentionally and purposefully** aided, abetted, encouraged, facilitated, and enabled a mob of pro-Hamas terrorist[s]") (emphasis by plaintiffs). That does not suffice to state a plausible claim.

Perhaps even more telling is plaintiffs' failure to respond to USC's dispositive arguments. USC showed, for instance, that the Faculty Plaintiff's tort claims are barred by workers' compensation exclusivity under California law. Dkt. 10, at 15–16. Plaintiffs offer no response, thus "conceding the issue." *Young v. City of Menifee*, No. EDCV 17-1630 (JGB) (SPx), 2023 WL 11053618, at *25 (C.D. Cal. 2023). USC showed, as another example, that the Student Plaintiff's allegations are grossly insufficient to state a claim for negligent infliction of emotional distress. Dkt. 10, at 16–17. Plaintiffs offer no response, and thus "concede the argument." *ERE Ventures, LLC v. David Evans & Assocs.*, No. CV 17-1561-R, 2018 WL 6118428, at *7 (C.D. Cal. 2018), *aff'd* 2023 WL 4261353 (9th Cir. 2023). And USC showed—as an express alternative argument—that plaintiffs' class claims are facially deficient and should be stricken. *Id*. at 19–20. Plaintiffs' response is a single sentence that simply asserts that "Plaintiffs' class representatives are adequate." Dkt. 39, at 5.

Plaintiffs' failure to address USC's arguments is all the more striking here: after their Opposition to the instant motion, plaintiffs filed a proposed amended complaint that makes no substantive changes—zero—to their factual allegations. Plaintiffs offer nothing more in their proposed complaint because there is nothing more to say. USC's motion to dismiss should be granted, and with prejudice. In the alternative, the class allegations should be stricken.

## I. BACKGROUND

Plaintiffs are "a Jewish Professor employed by and at USC" (the "Faculty Plaintiff") and "a [Jewish] hybrid Physical Therapy student at USC's health science campus" who "doesn't travel to campus very often" (the "Student Plaintiff"). FAC ¶¶ 21, 32, 35. They assert claims on behalf of a putative class of all Jewish students and faculty at USC for violations of the Bane, Unruh, and Ralph Acts. *Id*. ¶¶ 63–82.

2

Plaintiffs relatedly allege that USC aided and abetted intentional torts for assault and battery. *Id.* ¶¶ 95–107. The FAC also includes claims for negligence, breach of contract, a "declaration," and an "injunction." *Id.* ¶¶ 83–94, 108–113.

The FAC is notably devoid of well-pleaded facts related to the plaintiffs who actually brought this case. The Faculty Plaintiff alleges only that she was asked questions and "heckled" by unidentified protestors. *Id*. ¶¶ 28–29. In an *Errata* to the FAC, the Faculty Plaintiff adds the assertion that she was "spat on" by a "thug[]." Dkt. 1, Ex. A-9. The Faculty Plaintiff does not allege that the unidentified protestors or the thug even knew that she is Jewish. The Student Plaintiff alleges that she "no longer feel[s] safe on campus" because she saw posters advocating for the USC valedictorian, received two emails from a professor, and was asked by a classmate "what [her] opinion was on the topic of USC's decision to take [the valedictorian's] speech away." FAC ¶¶ 43–45, 50. The Student Plaintiff, for her part, affirmatively alleges that she keeps her Jewish identify to herself. *Id*. ¶ 51. Neither plaintiff alleges that the University specifically endorsed or even knew these events occurred.

Rather than focusing on these specific plaintiffs, the vast majority of plaintiffs' complaint consists of scattershot and conclusory claims disconnected from the actual plaintiffs and their claims. Events in China (*id.* ¶ 16), the views of "the Soros Foundation" (*id.* ¶ 4), "Democratic dark-money political action groups" (*id.* ¶ 8), and the political stance of the "Hamas-supporting Biden Administration" (*id.* ¶ 1) have nothing to do with these two plaintiffs. And plaintiffs do not explain how the viewpoints of certain students, events at UCLA, or "allegations" from years ago have anything to do with the specific claims at issue. *E.g.*, *id*. ¶¶ 8–10, 14, 16, 24.

Highlighting a laundry list of deficiencies with the FAC, USC filed its motion to dismiss on July 15, 2024. Dkt. 10. Plaintiffs missed the August 30 deadline for responding to USC's motion. Instead, plaintiffs filed an *ex parte* application on September 10, attaching a proposed Opposition. *See* Dkt. 31. That same day, USC pointed out the deficiencies in that response, including plaintiffs' failure to answer to

3
DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

multiple dispositive arguments raised by USC. Dkt. 32. The Court granted plaintiffs' *ex parte* motion and allowed plaintiffs to file their previously proposed Opposition. Dkt. 37; *see* Dkts. 31, 39.

After submitting their Opposition, plaintiffs filed a motion to amend their complaint, attaching a proposed complaint (their third complaint overall). Dkt. 49-1. As plaintiffs themselves explain, the proposed complaint does not change *any* substantive allegations on the merits. Dkt. 49, at 2, 6–7; *see also* Dkt. 51-1, Ex. C (redline attachment to Shields Declaration). The changes in the proposed complaint relate to plaintiffs' class definition. Dkt. 49, at 2, 6–7. Plaintiffs' motion to amend is scheduled to be heard the same day as the instant motion to dismiss (October 25).

To summarize: (1) plaintiffs have been on notice of the substantive deficiencies in their complaint for over three months (since USC filed the instant motion in July); and (2) plaintiffs' Opposition and proposed complaint do not even try to address these deficiencies.

## II. PLAINTIFFS' RESPONSE DOES NOT—AND CANNOT—SHOW THAT THE COMPLAINT SURVIVES A MOTION TO DISMISS

USC's motion to dismiss showed that all of plaintiffs' claims fail for multiple reasons, and that plaintiffs' class allegations should be struck. *See* Dkt. 10. Plaintiffs' Opposition focuses on whether plaintiffs have plausibly alleged the specific intent required for their civil rights claims and their aiding-and-abetting theory for the intentional torts. *See* Dkt. 39, at 3–5. It ignores entirely—and therefore concedes—the remaining dispositive reasons for dismissing the claims.

USC addresses each of plaintiffs' claims in turn, replying to plaintiffs' arguments where applicable and noting the dispositive flaws plaintiffs do not address.

**Civil Rights and Intentional Tort Claims.** USC's motion to dismiss established that to state a claim under the Bane, Unruh, and Ralph Acts—or that USC "aided and abetted" an assault or battery—plaintiffs must plausibly allege that the University had a specific wrongful intent to harm or discriminate against these

plaintiffs. Dkt. 10, at 7–13 (reviewing the caselaw). Plaintiffs concede that they must meet that high bar but claim to have met it. *See* Dkt. 39, at 3–4. That is wrong.

In the instant motion, USC showed that plaintiffs' allegations specific to these two plaintiffs are limited to: (i) questions asked by protestors and "heckling" that were ignored; (ii) viewing posters supporting USC's valedictorian; (iii) invitations to join protests; and (iv) one unreported incident where a protestor spat on the faculty member. Dkt. 10, at 3–4. Plaintiffs have no allegations that USC intended for any of the unnamed "campus terrorists" to say anything specific to ***these two plaintiffs*** or do anything specific to ***these two plaintiffs***. *Id.* at 3–4, 9. Plaintiffs do not allege that USC knew that these specific incidents involving these two plaintiffs occurred (or even that the protestors knew plaintiffs are Jewish). *Id.*

As USC demonstrated, plaintiffs cannot allege that USC had the specific intent by pointing to generic and conclusory allegations about what other students or faculty said or did to other people (or unconnected allegations about the "Soros Foundation," the "Hamas-supporting Biden Administration," "DEI quotas," and unrelated investigations). *Id.* at 9–13. Yet plaintiffs just repeat that error in their Opposition. They gesture at general and conclusory allegations disconnected from these specific plaintiffs. Dkt. 39, at 3 (arguing that it is sufficient to simply allege "USC ***intentionally and purposefully*** aided, abetted, encouraged, facilitated and enabled a mob of pro-Hamas terrorist students and outside agitators to take over and operate its campus") (emphasis by plaintiffs). They similarly assert in their Opposition that "USC aided and abetted the Campus Terrorists" through its "long-standing policies and procedures"—never mind telling the Court *what* these policies were. *Id*. A conclusory response to USC's motion to dismiss does not save plaintiffs' conclusory and implausible allegations. *See* Dkt. 10, at 9–13.

Moreover, plaintiffs say nothing about the other independent and dispositive reasons for why their complaint fails. That is enough for dismissal with prejudice. *E.g.*, *Rintoul v. Old Dominion Freight Line, Inc.*, No. 3:21-CV-1733-JR, 2024 WL

5

2974469, at *2 (D. Or. 2024) ("[F]ailure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded."); *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases).

Plaintiffs, for instance, do not respond to the following arguments:

- Plaintiffs do not identify, as the Bane Act requires, any particular constitutional/statutory right that USC supposedly violated. Dkt. 10, at 13.
- The Student Plaintiff fails to allege any Bane Act threat of violence or any tortious contact or threat. *Id*. at 13, 16.
- The Faculty Plaintiff cannot state a Bane Act "threats" claim. *Id.* at 13.
- The Unruh Act does not apply to the Faculty Plaintiff's allegations because it does not provide relief in the employer-employee context. *Id*.
- The Student Plaintiff's Unruh Act claim fails because the allegations do not show a denial of full and equal access on the basis of religion. *Id*. at 14.
- The Student Plaintiff's Ralph Act allegations do not show an objectively reasonable perception of harm, and neither plaintiff's allegations show that they were discriminated against *because of* religion. *Id*. at 14–15.
- The Faculty Plaintiff's intentional tort claims are barred by California workers' compensation exclusivity. *Id*. at 15–16.

**Negligence, Contract, and Other Claims.** USC's motion to dismiss similarly established that plaintiffs' negligence, breach of contract, "declaration," and "injunction" claims must be dismissed. Plaintiffs offer *no argument* to the contrary, asserting merely that "[t]he allegations in the FAC also assert valid common law claims" and "Plaintiffs have alleged . . . the factual elements of proof needed to establish each claim." Dkt. 39 at 5. That is not argument, and it is insufficient to demonstrate why plaintiffs' claims may proceed. *See, e.g.*, *Rintoul*, 2024 WL 2974469, at *2; *Ramirez*, 941 F. Supp. 2d at 1210 & n.7. For example, plaintiffs fail to respond to the following arguments:

- The Faculty Plaintiff's negligence claim is preempted by workers'

compensation exclusivity. Dkt. 10, at 15–16.

- The Student Plaintiff does not show the special relationship necessary to impose negligent infliction of emotional distress liability under California law. *Id.* at 16–17. In addition, the Student Plaintiff has not shown the necessary harm, or that the University has a duty to shield students from harmful or offensive ideas. *Id.*
- Plaintiffs have not alleged a contract with definite terms, nor have they demonstrated breach or contract damages. *Id.* at 17–18.
- Claims for an injunction or declaration are not freestanding. *Id.* at 18–19.

In sum, USC has explained why plaintiffs' claims must be dismissed. In turn, plaintiffs (i) parrot their inadequate allegations, and (ii) fail to respond to multiple dispositive arguments advanced by USC. That is insufficient to avoid dismissal.

### III. PLAINTIFFS DO NOT RESPOND TO ANY OF USC'S ARGUMENTS THAT THE CLASS ALLEGATIONS SHOULD BE STRICKEN

In the alternative, USC asked the Court to strike plaintiffs' class allegations. Dkt. 10, at 19–20. As USC explained in its motion:

- Plaintiffs made no attempt to plead the existence of any of the requirements for class certification, typicality, adequacy, and commonality. *Id.* at 19.
- The Student Plaintiff is facially atypical for the purposes of class certification based on the allegations. *Id.* at 20.
- The class is impermissibly overbroad because it includes countless individuals with no possible claim. *Id.*

Other filings confirm all this. For instance, plaintiffs' counsel has since submitted a declaration asserting that he interviewed potential class members who "support the protests" or believe the "harm or damage was trivial or transitory." Dkt. 17, Reznick Declaration ¶ 2. Such a class cannot be sustained. *See, e.g., Lyons v. Bank of Am., NA*, No. 11-1232-CW, 2011 WL 6303390, at *7 (N.D. Cal. 2011) (granting motion

to strike where "the proposed class includes many members who have not been injured"); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (striking class allegations where the proposed class included individuals who had no problems with the purportedly defective product); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal 2009) (striking class allegations because the proposed class definition "necessarily includes individuals who did not purchase" the product at issue or did not see the challenged advertising).

Plaintiffs direct just a single sentence in the Opposition to the request in USC's motion to strike the class allegations. *See* Dkt. 39, at 5. Consistent with the rest of their Opposition and FAC, plaintiffs conclude—citing nothing and explaining nothing—only that "Plaintiffs' class representatives are adequate to serve the putative class and there is no reason at this early pleading stage to strike the class allegations." *Id*. That sentence does not overcome the substance of USC's arguments.

## IV. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE AND DENY PLAINTIFFS' REQUEST FOR LEAVE TO FILE A FOURTH COMPLAINT

In their Opposition, plaintiffs ask the Court not to decide the motion to dismiss because a future proposed complaint would limit their class definition to only California citizens, which will "negat[e]" minimal diversity and "divest this Court of subject matter jurisdiction." Dkt. 39, at 1–3; *see also* Dkt. 49. Plaintiffs have now attached that proposed complaint to their motion to amend. Dkt. 49. In USC's opposition to that motion (filed contemporaneously with this Reply), the University explains that unambiguous and binding Ninth Circuit precedent explicitly forbids plaintiffs' maneuver and that the motion to amend is futile. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1275, 1279 (9th Cir. 2017) ("The issue before us is whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction. We hold plaintiffs may not do

so. . . ."). USC incorporates its opposition to the motion to amend here. *See* Dkt. 51.

Returning to plaintiffs' Opposition to the instant motion to dismiss, plaintiffs claim their allegations are sufficient but request in the alternative leave to file another complaint to allege "the intent that the Court finds wanting." Dkt. 39, at 6–7. We need not speculate about what plaintiffs would do with that opportunity. Since filing their Opposition, plaintiffs have now filed a proposed complaint, and they "did not propose any new facts or legal theories for an amended complaint and therefore gave [this Court] no basis to allow an amendment." *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (district court may deny a request to amend when plaintiffs do "not explain how they would cure the deficiencies" in the existing complaint). Once again: that proposed complaint proposes no substantive changes—none whatsoever—to plaintiffs' merits allegations. Dkt. 51, at 5–6; *see* Dkt. 51-1, Ex. C (redline attachment to Shields Declaration). A district court's "discretion to deny such leave [to amend] is 'particularly broad' when"—as here—"the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (affirming dismissal with prejudice). If plaintiffs wished to cure "the intent that the Court finds wanting" (Dkt. 39 at 7), they have already had multiple opportunities to do so. Yet they made no changes to their merits allegations—there is nothing to add.

Finally, plaintiffs say **nothing** in the Opposition about what they would add in yet another complaint (which would be their fourth complaint) or why any additional facts were not alleged in any of their prior complaints. Nor do they explain why any new allegations would make a difference or overcome the numerous dispositive flaws that plaintiffs do not bother to address in the Opposition. *See Ecological Rights Found.*, 713 F.3d at 520; *San Francisco Patrol Special Police Officers v. City and Cty. of San Francisco*, 13 Fed. Appx. 670, 675 (9th Cir. 2001) (affirming district court denial of leave to amend where the "opposition to the defendants' motion to dismiss includes only a cursory discussion of what the proposed amended complaint would

allege"); *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile."). This failure is particularly glaring in these circumstances because plaintiffs have first-hand knowledge of what happened to them—if they had more facts to support their claims, they should have already provided them in the proposed complaint, the operative complaint, or the initial complaint. *Cf. In re Blue Earth*, 836 Fed. Appx. 564, 566 (9th Cir. 2020) (affirming denial of leave to amend when facts were previously available); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal with prejudice "since it was clear that the plaintiffs had made their best case and had been found wanting").

## **CONCLUSION**

The Court should grant USC's motion to dismiss *with prejudice*. Plaintiffs' allegations are poorly pled, conclusory, and implausible. The allegations do not plausibly allege essential elements of their claims. Moreover, plaintiffs have not even attempted to respond to—and have thus conceded—dispositive flaws that doom each of their claims, despite ample opportunity to address these shortcomings. Plaintiffs have offered no reason to believe that yet another amended complaint would cure any of the identified defects—they have, to the contrary, shown they have nothing more to say. The Court should end this case.

Dated: October 4, 2024                              Respectfully submitted,

                                                    JONES DAY

                                                    By: */s/ Rasha Gerges Shields*
                                                         Rasha Gerges Shields

                                                    Attorneys for Defendant
                                                    UNIVERSITY OF SOUTHERN
                                                    CALIFORNIA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant University of Southern California, certifies that this brief contains 3,298 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: October 4, 2024                    Respectfully submitted,

                                          JONES DAY

                                          By: */s/ Rasha Gerges Shields*
                                              Rasha Gerges Shields

                                          Attorneys for Defendant
                                          UNIVERSITY OF SOUTHERN CALIFORNIA