UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987, Individually And On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Trustees of THE UNIVERSITY OF SOUTHERN CALIFORNIA, a private public benefit corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**THE PARTIES' SECOND JOINT STIPULATION TO CONTINUE THE SCHEDULING CONFERENCE**<br><br>**Current Date:** November 1, 2024<br>**Proposed Date:** December 6, 2024 |

　　　Plaintiffs "Doe Jewish USC Faculty Member 2004" and "Doe Jewish Student 1987" and Defendant University of Southern California (together, the "Parties") stipulate to continue the November 1, 2024 Scheduling Conference (Doc. No. 16) to Friday, December 6, 2024.

　　　Continuing the Scheduling Conference to December 6, 2024 is in the best interests of justice and judicial economy, as it will allow the Court to first address the

threshold issue of subject matter jurisdiction and resolve the pending dispositive motions that will determine whether this case remains in federal court, whether plaintiffs will be permitted to file another complaint, or whether the Court will dismiss plaintiffs' claims with prejudice for failure to state a claim:

1. On July 15, 2024, Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint. Doc. No. 10.

2. On July 16, 2024, the Court set a Scheduling Conference for August 30, 2024. Doc. No. 12.

3. Plaintiffs informed Defendant that they intended to seek remand of this action to state court. Accordingly, on July 19, 2024, the Parties filed a Joint Stipulation to continue: (1) the hearing date for Defendant's Motion to Dismiss; and (2) the Scheduling Conference, to allow the Court to first address the threshold issues of subject matter jurisdiction and whether Plaintiffs have stated a claim. Doc. No. 14.

4. The Court granted the Parties' Joint Stipulation on July 25, 2024 and continued the hearing on Defendant's Motion to Dismiss to Friday, September 20, 2024, and the Scheduling Conference to Friday, November 1, 2024. Doc. No. 16.

5. On August 8, 2024, Plaintiffs filed a Notice of Motion and Motion to Remand, Doc. No. 25, which the Court took under submission on August 30, 2024, Doc. No. 28.

6. On September 18, 2024, the Court continued the hearing on Defendant's Motion to Dismiss in response to Plaintiffs' September 12, 2024 *Ex Parte* Application. *See* Doc. Nos. 36, 37. On its own motion, the Court advanced the hearing on the Motion to Dismiss to Friday, October 25, 2024. Doc. No. 38.

7. On September 27, 2024, Plaintiffs filed a Notice of Motion and Motion for Leave to File a Second Amended Complaint Divesting This Court of Subject Matter Jurisdiction. Doc. No. 49. Plaintiffs noticed a hearing date of Friday, October 25, 2024 – the same date as the hearing on Defendant's Motion to Dismiss. *Id.*

8. The Parties' current deadlines to meet and confer and to file a joint report ahead of the November 1, 2024 Scheduling Conference are October 11 and 18, respectively.

9. Before the Parties can meaningfully meet and confer and file a joint report, they would benefit from having a ruling on the threshold issues of jurisdiction, the scope of the operative complaint, and whether Plaintiffs have stated a claim. Accordingly, the Parties hereby stipulate and request that the Court continue the Scheduling Conference from November 1, 2024 to December 6, 2024.

10. "[T]he Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987) (collecting cases). This Court's Order Setting Scheduling Conference requires "good cause" to continue a scheduling conference. Doc. No. 12, at 6; *cf.* Fed. R. Civ. P. 16(b)(4). The touchstone of good cause is "reasonable[ness]" in light of the circumstances. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

11. In assessing whether good cause has been shown, courts generally consider "the efficient adjudication of [the] case" and the diligence of the parties. *Colibri Heart Valve LLC v. Medtronic Corevalve LLC*, No. SA-CV-2000847-DOC-JDE, 2021 WL 5986915, at *2 (C.D. Cal. 2021); *Cecala v. Newman*, No. CV 04-02612-PHX-NVW, 2007 WL 9724852, at *2 (D. Ariz. 2007) (noting a Court may take "sensible measures" to promote "the efficient management of its docket"). Both considerations support continuing the Scheduling Conference.

12. **First**, continuing the Scheduling Conference would promote the efficient and orderly adjudication of the case. Establishing jurisdiction is a "threshold" question best decided at the outset. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). For example, plaintiffs' motion for leave to file a second amended complaint would change the class and its members, which would impact several of the matters the Parties are required to discuss during the Rule 26(f)

conference, including the discovery plan. *See* Doc. No. 12, at 2-6; Fed. R. Civ. P. 26(f). Likewise, deciding whether plaintiffs' operative complaint contains any valid cause of action prior to the Scheduling Conference will save both the Court and the Parties significant time and expense. If the case proceeds, the parties will be better able to substantively discuss and narrow the issues for their Rule 26(f) joint report after the motion to dismiss is resolved.

13. ***Second***, the Parties have continued to litigate, filing several motions, oppositions, and replies with the Court. There are three pending motions before the Court: 1) Plaintiffs' Motion to Remand; 2) Defendant's Motion to Dismiss; and 3) Plaintiffs' Motion for Leave to File a Second Amended Complaint Divesting This Court of Subject Matter Jurisdiction. And the Parties share the goal of promoting judicial economy and litigative efficiency, which support a second continuance of the Scheduling Conference.

14. In light of the forging, the Parties stipulate that the Scheduling Conference (*see* Doc. No. 16) be moved to Friday, December 6, 2024 at a time convenient to the Court.

Dated: October 4, 2024

| LAW OFFICES OF MICHAEL E. REZNICK | JONES DAY |
|---|---|
| By: /s/ *Bryan Christopher Castaneda*<br>     Bryan Christopher Castaneda | By: /s/ *Rasha Gerges Shields*<br>     Rasha Gerges Shields |
| Attorney for Plaintiffs<br>DOE JEWISH USC FACULTY MEMBER 2004 and DOE JEWISH USC STUDENT 1987 | Attorney for Defendant<br>UNIVERSITY OF SOUTHERN CALIFORNIA |

## **ATTESTATION**

Pursuant to Civ. L.R. 5-4.3.4, the undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: October 4, 2024

                                            Respectfully submitted,

                                            JONES DAY

                                            By: /s/ *Rasha Gerges Shields*
                                                     Rasha Gerges Shields

                                            Attorney for Defendant
                                            UNIVERSITY OF SOUTHERN CALIFORNIA