1   Rasha Gerges Shields (Cal. Bar No. 218248)
    rgergesshields@jonesday.com
2   Tyler J. Scott (Cal. Bar No. 341039)
    tscott@jonesday.com
3   JONES DAY
    555 South Flower Street, 50th Floor
4   Los Angeles, CA 90071
    Telephone: +1.213.243.2719
5   Facsimile: +1.213.243.2539
6
7   Jeffrey D. Baltruzak (admitted *pro hac vice*)
    jbaltruzak@jonesday.com
8   Daniel Paul Johnson (admitted *pro hac vice*)
    dpjohnson@johnesday.com
9   JONES DAY
    500 Grant Street Suite 4500
10  Pittsburgh, PA 15219
    Telephone: +1.412.391.3939
11  Facsimile: +1.412.394.7959
12
13  Attorneys for Defendant
    UNIVERSITY OF SOUTHERN CALIFORNIA
14
15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
17
    DOE JEWISH USC FACULTY              Case No. 2:24-cv-05712 FLA (SSC)
18  MEMBER 2004 and DOE JEWISH
    USC STUDENT 1987, Individually      **DEFENDANT'S OPPOSITION TO**
19  And On Behalf of All Others Similarly   **PLAINTIFFS' *EX PARTE***
    Situated,                            **APPLICATION**
20
                Plaintiffs,             **[NO HEARING SET]**
21
22  v.                                  **Judge:    The Honorable**
                                        **Fernando L. Aenlle-Rocha**
23  Trustees of THE UNIVERSITY OF
    SOUTHERN CALIFORNIA, a private
24  public benefit corporation; and DOES 1
    through 100, inclusive,
25
26              Defendants.
27
28

On March 7, 2025, the Court dismissed all Plaintiffs' claims and struck their class allegations pursuant to Defendant University of Sothern California's ("USC") motion to dismiss and strike.  Dkt. 72.  Although holding that Plaintiffs failed to state any claim, the Court granted leave for Plaintiffs to file an amended complaint containing certain potential causes of action within two weeks of its order.  *Id.*  Seeming to concede that they lack the facts needed to amend in good faith, Plaintiffs have now filed an *ex parte* application seeking an additional month (in addition to the two weeks granted) to investigate their claims.  Dkt. 73, at 2-3.  The improper application should be denied for the following reasons.

To start, Plaintiffs' *ex parte* application blatantly disregards the Local Rules and this Court's Standing Order.  It should be rejected as a threshold matter.  *See* Initial Standing Order, Dkt. 8, at 16 ("Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1 . . . will not be considered.").  Moreover, Plaintiffs fail to show good cause why the change in deadline is essential.  *Id.* at 16-17 (extension requests "must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential.").  Plaintiffs filed this case *ten months ago*. Their counsel began an "investigation" into USC *fifteen months ago*.  Dkt. 17, at 9 ¶ 2 (Reznick Declaration).  Despite all that investigation and litigation, Plaintiffs have apparently failed to discover any evidence to substantiate their conclusory and illogical assertion that USC specifically intended to deprive its own students and faculty members of their civil rights on the basis of religion.  Plaintiffs do not need more time: the time for investigating potential claims has long since passed.

**Plaintiffs disregard the Local Rules.**  For at least the second time (*see* Dkts. 31, 35), Plaintiffs have filed an *ex parte* application in clear noncompliance with the Local Rules.  Plaintiffs had a mandatory "duty . . . to make reasonable, good faith efforts orally to advise counsel for all other parties" in advance once they decided to file an application, including as to its "date and substance."  L.R. 7-19.1.  Rather than give USC the notice required by the Local Rules, Plaintiffs instead drafted their

DEFENDANT USC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

emergency application, filed it, and *then* emailed USC to provide "notice" an hour later. Shields Decl. ¶¶ 5-7 & Ex. A. There is nothing "reasonable" about that effort.

That failure to provide notice is all the more surprising because counsel for USC and counsel for Plaintiffs had spoken just the previous day. *Id.* at ¶ 3. That conversation was prompted by Plaintiffs' request for an extension of the deadline to amend the complaint based on a purported desire to resolve the case in mediation. *Id.* at ¶ 2. During the conversation, USC's counsel probed Plaintiffs' counsel about whether the mediation had any chance of success, as Plaintiffs had refused to engage in any prior settlement discussions. *Id.* at ¶ 3. Towards the end of that conversation, Plaintiffs expressed an intention to amend their dismissed complaint, and they asked USC to stipulate to the addition of unspecified federal civil rights claims. *Id.* at ¶ 4; *see also* Gotfredson Decl. ¶ 6. In response, counsel for USC asked Plaintiffs to send a written proposal, including the specific federal claims that Plaintiffs wished to add, so USC could consider a concrete stipulation. Shields Decl. ¶ 4. At no point during that conversation did Plaintiffs' counsel inform USC's counsel that they intended to file an *ex parte* application or that the purported reason for the extension was to attempt to bolster their own allegations based on speculation about a DOJ investigation. *Id.* at ¶¶ 2-4. Plaintiffs instead filed the *ex parte* application.

Judicial economy is not well spent deciding *ex parte* applications—particularly where (as here) the parties have not completed a meet-and-confer process. Nor are USC's resources well spent responding to unnecessary and improper emergency filings. Plaintiffs' application is not the first time they have disregarded the local rules governing *ex parte* applications. *See* Dkts. 31, 35. The remedy is to deny their request. *See* Initial Standing Order, Dkt. 8, at 16.

**Plaintiffs disregard this Court's order.** "Extraordinary relief" is unwarranted where Plaintiffs have made no attempt to comply the Court's order in addition to the local rules. *Id*. at 15-16. Plaintiffs have made no effort to include "a statement of opposing counsel's position," as this Court's order requires. *Id*. at 16.

2

1    The declaration of counsel vaguely states that he "sought a stipulation from
2    Defendant's counsel for the same relief . . . to no avail."  Gotfredson Decl. ¶ 6.  USC's
3    position was that Plaintiffs should send a proposed stipulation in writing for USC to
4    consider, which Plaintiffs never did.  Shields Decl. ¶¶ 4-5.  And Plaintiffs' purported
5    reason for their extension discussed on the call (to resolve the case in mediation) is
6    different than what they have now declared (to attempt to leverage the future findings,
7    if any, of a DOJ task force).  *Compare id*. at ¶ 2 *with* Dkt. 73, at 2-3.  That is nowhere
8    reflected in Plaintiffs' papers.

9        **Plaintiffs' application does not show good cause.**  Even if this Court were to
10   consider Plaintiffs' *ex parte* application (and it should not), the application should be
11   denied.  Plaintiffs filed this case *ten months ago*.  And Plaintiffs' counsel purports to
12   have started his "investigation" into USC *fifteen months ago*.  Dkt. 17, at 9 ¶ 2
13   (Reznick Declaration).    During all that time, Plaintiffs have apparently (and
14   unsurprisingly) failed to discover *any* evidence to substantiate their conclusory
15   assertions that USC itself specifically intended to deprive Plaintiffs of their civil
16   rights.  Indeed, Plaintiffs had the obligation to "engage in a good faith investigation"
17   of their allegations "consistent with Rule 11" even prior to filing suit.  *PageMelding,
18   Inc. v. ESPN, Inc.*, 2012 WL 1534844, at *2 (N.D. Cal. Apr. 30, 2012); *see also* Cal.
19   R. Prof. Cond. 3.1(a).  And this Court *twice* advised Plaintiffs to continue to litigate
20   diligently while it decided pending motions.  Dkt. 28, 55.  The "time . . . investigating
21   for" an amended complaint has long since passed.  Dkt. 73, at 2.  No additional time
22   is warranted.

23       Plaintiffs' spurious claims about a DOJ "investigation" do not excuse their
24   failure to litigate sufficiently over the past ten months.  *See* Dkt. 73, at 2-3.  As an
25   initial matter, Plaintiffs' assertion of benefitting from "investigation into . . .
26   Defendant University of Southern California" is unfounded speculation inconsistent
27   with the article they attach.  Dkt. 73, at 3.  As the article (Dkt. 73, Ex. B) reports, that
28   "task force" "did not specify when the visits would take place or which alleged

incidents the task force would research."[1]  Stakeholder "visits"—at a future date yet to be determined—offer no basis to believe that such meetings will have anything to do with Plaintiffs' individual claims here or allow Plaintiffs to somehow bolster their dismissed allegations.  *See id.*  Similarly, counsel's statement about President Folt—made in a declaration signed under penalty of perjury no less (Gotfredson Decl. ¶ 3)—is completely unsubstantiated by the cited article and has no basis in fact.  In any event, these two Plaintiffs presumably know of any conduct and events relevant to them and can allege the facts that may be pertinent to this case.  Plaintiffs' failure to allege any facts supporting any purported conspiracy with "'campus terrorists antisemites'"—despite 10 months of litigation—is a reason to end this case sooner rather than later.  Dkt. 72, at 2 (quoting Dkt. 1-7 ¶ (First Amended Complaint)); *see also id.* at 8 (noting that the allegations in the complaint "actually support Defendant did not have the requisite intent, as they suggest Defendant and the protestors had adverse interests.").

Plaintiffs *still* have not identified the specific federal claims they intend to raise—never mind explained why any such claims are viable.  At this late juncture, and in light of USC's request for a proposal in writing (Shields Decl. ¶¶ 4-5), it is inexcusable that Plaintiffs have failed to identify exactly what federal laws they allege USC has violated.  Moreover, the "extraordinary" nature of an *ex parte* application (Initial Standing Order, Dkt. 8, at 15-16) is an inappropriate substitute for a motion for leave to file additional claims.  A proper motion seeking to add claims requires a plaintiff to meet and confer with opposing counsel and to "attach a proposed amended pleading" to the motion.  *Baker v. Firstcom Music*, 2017 WL 9500980, at *7 (C.D. Cal. Nov. 3, 2017) (citing L.R. 7-3 and 15-1).  Plaintiffs here cannot circumvent those

---

[1] Plaintiffs' attachment fails to display the full article, which can be accessed at the following weblink:    https://www.latimes.com/california/story/2025-02-28/department-of-justice-antisemitism-task-force-says-it-will-visit-ucla-usc    (last visited  Mar. 8, 2025).

1   requirements simply by applying the *ex parte* label.

2          Finally, Plaintiffs' counsel's assertion that the complaint has *not* been

3   substantively amended (Gotfredson Decl. ¶ 2) is inconsistent with the record.

4   Plaintiffs have already amended their complaint once (*see* Dkt. 1-7)—and they

5   previously proposed a Second Amended Complaint (*see* Dkt. 49-1).  If Plaintiffs

6   could somehow make good faith allegations demonstrating discriminatory animus by

7   USC, presumably they would have already done so.

8          For all these reasons, the Court should deny the *ex parte* application.

9

10  Dated: March 9, 2025                    Respectfully submitted,

11

12                                          JONES DAY

13

14                                          By: */s/ Rasha Gerges Shields*
                                                Rasha Gerges Shields

15

16                                          Attorneys for Defendant
                                            UNIVERSITY OF SOUTHERN
17                                          CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT USC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant University of Southern California, certifies that this brief contains 1,526 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: March 9, 2025                    Respectfully submitted,

                                        JONES DAY


                                        By: */s/ Rasha Gerges Shields*
                                            Rasha Gerges Shields

                                        Attorneys for Defendant
                                        UNIVERSITY OF SOUTHERN
                                        CALIFORNIA

DEFENDANT USC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION