UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>   Defendants. | Case No. 2:24-cv-05712-FLA (SSCx)<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME TO FILE SECOND AMENDED COMPLAINT AND FOR LEAVE TO ASSERT CAUSE OF ACTION UNDER 28 U.S.C. § 1983 [DKT. 73]** |

Before the court is Plaintiffs Doe Jewish USC Faculty Member 2004 and Doe Jewish USC Student 1987's (together, "Plaintiffs") *ex parte* application ("Application") to extend their deadline to file a second amended complaint ("SAC") and for leave to assert a claim under 28 U.S.C. § 1983. Dkt. 73 ("Appl."). Defendant University of Southern California ("Defendant") opposes the Application. Dkt. 74 ("Opp'n").

*Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). They do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain *ex parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Further, before filing an *ex parte* application, a party must "make reasonable, good faith efforts orally to advise counsel for all other parties" and "to advise the [c]ourt in writing and under oath of efforts to contact other counsel." Local Rule 7-19.1.

As an initial matter, Plaintiffs failed to orally advise Defendant of the Application. Opp'n at 1–2 ("Rather than give [Defendant] the notice required by the Local Rules, Plaintiffs instead drafted their emergency application, filed it, and *then* emailed [Defendant] to provide 'notice' an hour later.") (emphasis and internal quotation marks in original) (citation omitted). The Application could properly be denied on this basis, but the court exercises its discretion and considers each request in the Application in turn.

On March 3, 2025, the court dismissed the First Amended Complaint and granted 14 days' leave to file a second amended complaint. Dkt. 72. In their Application, Plaintiffs' request an additional 30 days to file the SAC so that the parties

1  may first complete a settlement conference scheduled for April 3, 2025.  Appl. at 2.  A
2  settlement conference, however, does not establish good cause for additional time to
3  file an amended complaint.  The request is DENIED.
4      Plaintiffs also request leave to assert a claim under 28 U.S.C. § 1983.  Appl.
5  at 3.  Plaintiffs, however, fail to establish why this request cannot be heard according
6  to regular noticed motion procedures.  Plaintiffs' request is DENIED.
7      In sum, the Application is DENIED in its entirety.

9      IT IS SO ORDERED.

11  Dated: March 10, 2025           _____
12                        FERNANDO L. AENLLE-ROCHA
                          United States District Judge