
Rasha Gerges Shields (Cal. Bar No. 218248)
rgergesshields@jonesday.com
Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2719
Facsimile: +1.213.243.2539

Jeffrey D. Baltruzak (admitted *pro hac vice*)
jbaltruzak@jonesday.com
Daniel Paul Johnson (admitted *pro hac vice*)
dpjohnson@jonesday.com
JONES DAY
500 Grant Street Suite 4500
Pittsburgh, PA 15219
Telephone: +1.412.391.3939
Facsimile: +1.412.394.7959

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE JEWISH USC FACULTY MEMBER 2004, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-05712 FLA (SSC)<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**<br><br>Date:    May 2, 2025<br>Time:    1:30 p.m.<br>Place:   Courtroom 6B<br>Judge:  The Honorable<br>            Fernando L. Aenlle-Rocha<br><br>SAC Filed: March 18, 2025 |

DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 2

I.    Plaintiffs' Opposition Does Not And Cannot Show That The Complaint Survives USC's Motion To Dismiss ............................................................. 2

II.    When Plaintiffs' Existing Claims Are Dismissed With Prejudice, The Case Should End Here ................................................................................. 8

    A.   Plaintiffs Have Failed To Follow The Proper Procedures As Expressly Required By This Court ............................................... 8

    B.   Plaintiffs Have Not And Cannot Show That Further Amendment Of Their Complaint To Add New Claims Is Warranted ........................... 9

    C.   In Any Event, Plaintiffs' Argument Only Demonstrates The Futility Of Their Improperly Proposed Additions ..................................... 11

CONCLUSION .................................................................................................. 12

CERTIFICATE OF COMPLIANCE .................................................................. 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ...................................................................... 5

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
   713 F.3d 502 (9th Cir. 2013) ................................................................. 7, 11

*Frankel v. Regents of Univ. of California*,
   744 F. Supp. 3d 1015 (C.D. Cal. 2024) ................................................. 4, 10

*Harris v. Cap. Growth Invs. XIV*,
   52 Cal. 3d 1142 (1991) ............................................................................... 6

*Husky Ventures, Inc. v. B55 Invs., Ltd.*,
   911 F.3d 1000 (10th Cir. 2018) .................................................................. 9

*In re Blue Earth*,
   836 Fed. Appx. 564 (9th Cir. 2020) ......................................................... 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ...................................................................... 9

*Lugar v. Edmondson Oil Co.*,
   457 U.S. 922 (1982) ................................................................................. 12

*Minter v. Prime Equip. Co.*,
   451 F.3d 1196 (10th Cir. 2006) ................................................................ 10

*Mirmehdi v. United States*,
   689 F.3d 975 (9th Cir. 2012) .................................................................... 11

*Ramirez v. Ghilotti Bros.*,
   941 F. Supp. 2d 1197 (N.D. Cal. 2013) .............................................. 2, 5, 7

*Rintoul v. Old Dominion Freight Line, Inc.*,
    2024 WL 2974469 (D. Or. 2024) ............................................................... 2, 5, 7

**RULES**

Fed. R. Civ. P. 15(a) ........................................................................................ 8

L.R. 7–3 ........................................................................................................... 8

## INTRODUCTION

This case is about two Plaintiffs who filed claims against the University of Southern California ("USC") following campus protests by "third party protestors" during the spring of last year. Dkt. 77, ¶ 6. USC's Motion (Dkt 78) addresses each claim in Plaintiffs' Second Amended Complaint (Dkt. 77, "SAC") and explains why dismissal is warranted for multiple independent reasons. USC's Motion also shows why Plaintiffs' class allegations should be stricken.

In response, Plaintiffs do not defend the SAC—they run from it. Their argument concerns ***claims they did not bring based on a case they did not file.*** USC argues—as in the prior motion to dismiss (Dkt. 10) granted by this Court (Dkt. 72)—that Plaintiffs' state civil rights claims require USC to have acted with a specific intent to deprive these two Plaintiffs of their civil rights on the basis of religion. Dkt. 78, at 8; *accord* Dkt. 72, at 5, 11, 12. And that Plaintiffs' allegations demonstrate an ***adverse*** relationship between USC and the alleged "Campus Terrorists," which (as this Court previously held) "actually support[s] [that USC] did not have the requisite intent." Dkt 72, at 8; Dkt. 78, at 8–12. Plaintiffs offer no response to this argument—nor do they address the other dispositive flaws in their state statutory claims. USC also explained why each of Plaintiffs' negligence, negligent infliction of emotional distress ("NIED"), assault, battery, breach of contract, and "declaratory relief" claims must be dismissed. Dkt. 78, at 16–19. The argument section of the opposition does not even mention—much less defend—any of these claims. USC has additionally explained why Plaintiffs' class claims may not proceed and must be stricken. Dkt. 78, at 19–21. Plaintiffs offer no response. As this Court previously held, "Plaintiffs do not respond to these arguments and, thus, concede them." Dkt. 72, at 20.

To recap, Plaintiffs previously did not respond to USC's arguments, they were granted an opportunity to attempt to fix their claims, they did not fix them, and now they still have no response. The case should be dismissed in its entirety with prejudice.

Because Plaintiffs cannot defend their actual claims, they attempt to argue new ones under federal law. But this Court has previously held that if Plaintiffs wish to file new claims, they must follow the proper procedure. Dkt. 76, at 3 ("Plaintiffs … fail to establish why this request cannot be heard according to regular noticed motion procedures."). An opposition to a motion to dismiss is not a substitute for a properly noticed motion. And Plaintiffs' stated cause for seeking leave to file a Third Amended Complaint—way out of time and in defiance of a Court order—is that this Court took too long to decide jurisdiction and the first motion to dismiss. Dkt. 81, at 26 ("[A]ny delay … was the result of the several months it took for the Court to determine jurisdiction and thereafter, in rendering a decision on USC's initial MTD filed in July 2024"). That is no excuse at all. And, finally, Plaintiffs' own argument shows that the new claims would be futile.

The Court should grant USC's Motion to Dismiss and deny Plaintiffs' improper and futile request to file yet another flawed complaint. The case should end now.

## ARGUMENT

### I. PLAINTIFFS' OPPOSITION DOES NOT AND CANNOT SHOW THAT THE COMPLAINT SURVIVES USC'S MOTION TO DISMISS

USC's motion to dismiss shows that all of Plaintiffs' claims fail for multiple dispositive reasons and that Plaintiffs' class allegations should be stricken. Dkt. 78. Plaintiffs' opposition, however, focuses only on federal claims that they have not filed, and it does not defend the state-law and tort claims actually pleaded in the SAC. Dkt. 81, at 17–24. As this Court previously held, the failure to respond to a dispositive argument is a concession that requires dismissal. Dkt. 72, at 20; *see, e.g.*, *Rintoul v. Old Dominion Freight Line, Inc.*, 2024 WL 2974469, at *2 (D. Or. 2024) ("[F]ailure to respond to an argument on its merits is grounds for deeming that argument abandoned or conceded."); *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases). Similarly, Plaintiffs entirely ignore USC's request that the Court strike their class allegations—Plaintiffs therefore concede that

their class cannot be certified. Dkt. 72, at 20.

For all these reasons, Plaintiffs' claims should be dismissed with prejudice, and the case should end now. USC here proceeds by highlighting the key dispositive flaws in the SAC that Plaintiffs do not address.

**Civil Rights Claims.** USC's motion to dismiss establishes that to state a claim under the Bane, Unruh, and Ralph Acts, Plaintiffs must plausibly allege that USC had a specific wrongful intent to discriminate against these Plaintiffs. Dkt. 78, at 8. This Court's previous order agreed that specific intent is required under California law, which Plaintiffs do not now dispute. Dkt. 72, at 5, 11, 12.

As USC argues in its motion, Plaintiffs are missing the requisite intent for two key reasons. First, there are no well-pleaded allegations showing that USC specifically intended for any protestor to deprive Plaintiffs of their rights or to discriminate against them on the basis of religion. Dkt. 78, at 8–10; *see also* Dkt 72, at 8. Second, and relatedly, the SAC (like the FAC) alleges an adverse relationship between the protestors and USC, including that the "Campus Terrorists" were protesting USC itself, that USC had protestors arrested, that USC started the disciplinary process for protestors, that USC will not tolerate illegal encampments, that USC condemned all forms of antisemitic symbols, and (among other things) that USC took actions to promote the safety of its students and faculty. Dkt. 78, at 9–12 (collecting citations); *see also* Dkt 72 (Order), at 8 ("Plaintiffs' allegations actually support Defendant did not have the requisite intent, as they suggest Defendant and the protestors had adverse interests." (citing allegations that remain in the SAC)). The SAC therefore makes any inference of unlawful specific intent by USC to deprive Plaintiffs of their civil rights or discriminate against them on the basis of religion even more implausible than it already was. Plaintiffs make no response to these arguments under the Bane, Ralph, or Unruh Acts, and therefore concede them.

In the context of making a different, "Free Exercise Clause" argument, Plaintiffs assert in passing that "USC security officials prevented Plaintiffs from

3

accessing the library" and other locations, citing to "SAC, para. 1-125." Dkt. 81, at 17–18. That is not a response to the flaws of the California law claims and does not excuse Plaintiffs' concession. But in any event, that argumentative assertion is improper and false.[1] And, as suggested by the empty, hundred-paragraph citation to the SAC, that allegation is not supported by the Complaint and would not demonstrate discriminatory animus on the part of USC.[2]

There are no plausible allegations or inferences in the SAC that either Plaintiff was prevented from accessing the library or campus resources by "USC security officials." What Plaintiffs actually allege is that "the Defendant University … allowed the Los Angeles Police Department ('LAPD') to clear the Encampment and arrest 93 people." SAC ¶¶ 15, 62. The SAC also incorporates references showing that USC "will not tolerate illegal encampments," and that USC began the disciplinary process for students who participated in them. Dkt. 78, at 10–11 (collecting citations). And Plaintiffs' own photograph shows an "Encampment" of isolated tents that were not blocking any campus buildings and not manned by "USC security officials." Dkt 77, at Ex. A. Indeed, Plaintiffs' diaries make no mention of being blocked by any "security officials" from access to anything on the basis of religion. SAC ¶¶ 101-124. Any contrary suggestion offered in attorney argument is implausible, contradicted by Plaintiffs' own allegations, and cannot be credited to show discriminatory animus and

---

[1] In making this argument, Plaintiffs apparently conflate the distinct allegations in *Frankel* (involving different facts at a different university) with the allegations that they actually make in this case. *Cf. Frankel v. Regents of Univ. of California*, 744 F. Supp. 3d 1015, 1022, 1028 (C.D. Cal. 2024) (discussing specific allegations from specific plaintiffs who attempted to "study at [UCLA's] Powell Library" but could not, and enjoining the acts of "campus security teams").

[2] In the next sentence, Plaintiffs also cite to the *Frankel* opinion, seemingly for factual support. Dkt. 81, at 18 (citing "SAC, para 1-125, Exhibit A to SAC"). Once more, that is a different case involving different allegations and different claims against a different university not at issue here.

action by USC. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 (9th Cir. 2014).

Additionally, USC advances the following Bane, Unruh, and Ralph Act claims that remain unrebutted:

- Plaintiffs' alleged Bane Act violation is expressly predicated on a Constitutional violation requiring state action, and state action is missing here. Dkt. 78, at 13–14.[3]

- Plaintiffs have not alleged that USC itself would commit violence against them, instead claiming that the protestors threatened them. Dkt. 78, at 13–14 (quoting Dkt. 72, at 7).

- The Student Plaintiff's allegations are predicated on speech—emails and seeing posters—not violence, threats, or denials of access to the main campus that she personally experienced. Dkt. 78, at 14–16. Thus, her civil rights claims are either not actionable, or she lacks statutory standing under California law to bring them. *Id.*

- USC's actions were not a substantial factor in causing Plaintiffs any harm. *Id*. at 15 (quoting Dkt. 72, at 10–11).

- Plaintiffs' Jewish identities were not known, so USC could not have intentionally discriminated against them on the basis of religion. *Id*.

Plaintiffs' opposition offers no response. That is enough for dismissal with prejudice. *E.g.*, *Rintoul*, 2024 WL 2974469, at *2; *Ramirez*, 941 F. Supp. 2d at 1210 & n.7 (N.D. Cal. 2013).

To be clear, Plaintiffs' arguments regarding federal constitutional claims that they did not bring are an insufficient response. Indeed, their requirements are distinct

---

[3] Plaintiffs' only reference to state action is to concede they have not alleged it. *See* Dkt. 81, at 24 ("Plaintiffs will seek leave to file a Third Amended Complaint … to allege 'state action' by USC").

5
DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

from those of California civil rights laws.  Plaintiffs, for instance, never explain how their "strict scrutiny" arguments about whether USC had a compelling governmental interest map onto the elements of California civil rights laws.  *See* Dkt. 81, at 20–21.  And, to take another example, even if Constitutional concerns were triggered by differential impacts on a protected population (*cf.* Dkt. 81, at 18–19), California civil rights laws require a discriminatory specific intent.  *See, e.g.*, *Harris v. Cap. Growth Invs. XIV*, 52 Cal. 3d 1142, 1149 (1991) ("[T]he language and history of the Unruh Act indicate that the legislative object was to prohibit *intentional* discrimination in access to public accommodations.  We have been directed to no authority … that would justify extension of a disparate impact test") (emphasis in original).  And whatever Title VI says about USC's obligation to stop supposed "death to Israel" chants by unnamed actors (Dkt. 81, at 23), Plaintiffs never explain how that obligation relates to the requirements of the California statutes at issue.

In short, in attempting to prove federal claims that are not at issue, Plaintiffs never explain—as is their obligation—why their state statutory claims make out a plausible entitlement to relief.

**Other Claims.**  In its Motion to Dismiss, USC also argues as follows:

- The Student Plaintiff does not allege any harmful or offensive touching, or apprehension thereof.  Nor does the Student Plaintiff allege specific intent by USC to cause a harmful or offensive touching.  Thus, the assault and battery claims fail.  Dkt. 78, at 16.

- The Student Plaintiff does not allege harm, a duty, or a special relationship under California law as necessary to state a claim for negligence or NIED.  *Id.* at 16–17.

- Plaintiffs do not plead three required elements of their breach of contract claim, including the contract and its terms, breach, and contract damages to the plaintiff.  *Id.* at 17–18.

- Plaintiffs' claim for declaratory relief cannot survive as a freestanding

claim. *Id.* at 19.

The Court adopted these arguments in issuing its prior order of dismissal, and now Plaintiffs offer no response to these arguments—nor do they mention these claims at all. Dismissal with prejudice is warranted. *E.g.*, *Rintoul*, 2024 WL 2974469, at *2; *Ramirez*, 941 F. Supp. 2d at 1210 & n.7 (N.D. Cal. 2013).[4]

**Class Allegations.** USC advances numerous arguments regarding the sufficiency of Plaintiffs' class allegations, explaining that Plaintiffs have made no attempt to plead the existence of any of the requirements for class certification, including typicality, adequacy, commonality, and predominance; and that Plaintiffs' class definition necessarily turns on individualized damages questions. Dkt. 78, at 19–21. Again, Plaintiffs offer no response. As before, "Plaintiffs do not respond to these arguments and, thus, concede them." Dkt. 72, at 20.

In sum, USC has explained why Plaintiffs' claims must be dismissed. In turn, Plaintiffs (i) address claims that they did not bring, relying on arguments in a different lawsuit against a different university, (ii) fail to respond to multiple dispositive arguments advanced by USC, and (iii) never once defend their class allegations. These are the same problems that resulted in dismissal of Plaintiffs' previous complaint. Plaintiffs have had 11 months of litigation to correct the deficiencies in their complaint. *See* Dkt. 1, ¶¶ 1–2. They have not done so. Dismissal with prejudice is now warranted. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (district court's "discretion to deny … leave [to amend] is 'particularly broad' where"—as here—"the plaintiff has previously amended its complaint.").

---

[4] The Court did not grant the Faculty Plaintiff leave to amend her Unruh Act, Negligence, Assault, Battery, or contract claims. *See* Dkt. 72, at 20–21. Plaintiffs have not argued otherwise.

## II. WHEN PLAINTIFFS' EXISTING CLAIMS ARE DISMISSED WITH PREJUDICE, THE CASE SHOULD END HERE

Plaintiffs' arguments are directed to distinct federal claims that they have not brought. For three independent reasons, Plaintiffs' federal arguments are improper and the case should come to an end now. <u>First</u>, Plaintiffs have disregarded this Court's previous order, the federal rules, and the local rules in attempting to bring new claims outside the proper procedure. <u>Second</u>, Plaintiffs have not shown and cannot show good cause to bring new claims at this point in the proceedings. And <u>third</u>, Plaintiffs' own argument demonstrates the futility of their new arguments.

### A. Plaintiffs Have Failed To Follow The Proper Procedures As Expressly Required By This Court

Plaintiffs' opposition is not a substitute for a properly noticed motion for leave to add claims and is an attempt to circumvent this Court's order requiring exactly that. To bring new claims, Plaintiffs must file a properly noticed motion and comply with the local rules. *See* Fed. R. Civ. P. 15(a)(2); *e.g.*, L.R. 7–3. This Court has already rejected Plaintiffs' efforts to circumvent these requirements, holding that Plaintiffs must make their request "according to regular noticed motion procedures." Dkt. 76, at 3.

When the Court granted USC's motion to dismiss in full, it also explained what was wrong with each of Plaintiffs' claims and gave Plaintiffs an opportunity to file a Second Amended Complaint within fourteen days. Dkt. 72. On March 7, 2025—over a month before filing the present opposition—Plaintiffs then filed an *ex parte* application seeking an extension of time to file a Second Amended Complaint and for leave to add "a federal civil rights action under 28 U.S.C. section 1983, as well as any other federal claims that may give rise to Defendant's liability." Dkt. 73, at 3 (emphasis omitted). In response, USC explained why Plaintiffs' application was an improper *ex parte* filing, that the application disregarded both the local rules and the Court's standing order, that the time for adding claims has long since passed, and that

8

DEFENDANT USC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs had previously proposed a Second Amended Complaint but declined to add any claims. Dkt. 74. The Court denied Plaintiffs' *ex parte* application on March 10, 2025 and instructed Plaintiffs to make their request "according to regular noticed motion procedures." Dkt. 76, at 3. A month has passed since the Court's order, and Plaintiffs still have not filed a properly noticed motion or explained why those procedures would have been inadequate.

In just these circumstances, courts will not grant leave to amend or add claims. In *McKee v. Peoria Unified School District*, for instance, the court specifically ordered that "[i]f Plaintiff wishes to file an amended complaint adding claims or parties not appearing in the current operative complaint, filing of that complaint must separately comply with the requirements of Fed. R. Civ. P. 15(a)." 963 F. Supp. 2d 911, 919 (D. Ariz. 2013). As here, plaintiffs sought to circumvent that order and attempted to add another claim without following the proper procedures. *Id*. The court did not allow it, and did not incentivize plaintiffs to ignore both a court order and the Federal Rules. *Id*. The result here should be the same.

### B. Plaintiffs Have Not And Cannot Show That Further Amendment Of Their Complaint To Add New Claims Is Warranted

It is no surprise that Plaintiffs have repeatedly attempted to circumvent the normal procedures: they have not and cannot show good cause to add new claims. The scheduling order set a deadline of November 28, 2024, as the "Last Date to <u>Hear</u> Motion to Amend Pleadings." Dkt 59, at 4 (emphasis in original). If Plaintiffs wished to add claims, they should have done so before the deadline. Indeed, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (quotation marks omitted); *accord Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it

must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (discussing the Ninth Circuit's rule).

Even setting aside Plaintiffs' clear failure to comply with Rule 15, they have made no attempt to show the good cause required for a post-deadline amendment of their complaint to add claims, as Ninth Circuit precedent requires. Plaintiffs assert only as follows:

> [A]ny delay in determining the pleadings in this case was not the result of anything Plaintiffs did or did not do. It was the result of the several months it took for the Court to determine jurisdiction and thereafter, in rendering a decision on USC's initial MTD filed in July 2024.

Dkt. 81, at 26. In other words, Plaintiffs blame their own delay on the Court.

That is grossly insufficient. The Court reminded the parties on two separate occasions that they should continue to litigate diligently while awaiting its rulings. Dkt. 28 (Aug. 30, 2024, Order) ("The court expects the parties to continue litigating this action diligently"); Dkt. 55 (Oct. 21, 2024, Order) (same). Plaintiffs have definitively known that they would be litigating in federal court for over four months now, and they have still failed to seek leave to add any federal claims. *See* Dkt. 69 (January 3, 2025, Order on Jurisdiction). Moreover, the *Frankel* injunction on which Plaintiffs rest their new claims was issued eight months ago and received prominent media attention. *See Frankel v. Regents of Univ. of California*, 744 F. Supp. 3d 1015, 1019 (C.D. Cal. August 13, 2024).[5] If Plaintiffs intended to copy and paste the *Frankel* decision and claims into their Complaint, they had more than enough time to do so. *Cf. In re Blue Earth*, 836 Fed. Appx. 564, 566 (9th Cir. 2020) (affirming denial of leave to amend when facts were previously available).

---

[5] The Complaint in that case was filed almost a year ago on June 5, 2024, giving Plaintiffs even more notice of the claims in that action. *See* Docket 2:24-cv-04702.

Nor could Plaintiffs possibly show good cause to amend. Plaintiffs have, in fact, already filed an amended complaint, previously attempted to further add or amend claims, and have had plenty of opportunity to do so. *See* Dkts. 49 (Plaintiffs' Sept. 27, 2024, motion to amend the complaint), 73 (Plaintiffs' March 7, 2025, *ex parte* application to add claims), 77 (Plaintiffs' SAC filed March 18, 2025); *see also Ecological Rights Found.*, 713 F.3d at 520. To summarize: (1) plaintiffs have been on notice of the substantive deficiencies in their claims since July 2024, (2) Plaintiffs have already amended their complaint twice, (3) Plaintiffs have attempted to either amend their complaint or add claims on two additional occasions, (4) Plaintiffs have previously been admonished that their request to add claims must be filed "according to regular noticed motion procedures" if it is to be heard, and (5) Plaintiffs still have not filed a properly noticed motion. In light of these facts, further amendment of Plaintiffs' complaint is not warranted.

### C.  In Any Event, Plaintiffs' Argument Only Demonstrates the Futility Of Their Improperly Proposed Additions

Finally, Plaintiffs' argument and proposed complaint only demonstrate the futility of the claims they attempt to add. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile.").[6] To take the obvious example, Plaintiffs admit that their federal constitutional claims require state action, and they say that their Third Amended Complaint will fill that conceded void. Dkt. 81, at 24. Nevertheless, the attached Third Amended Complaint still alleges (as it must) that "USC is a California private benefit corporation." Dkt. 81-1, ¶ 125.

---

[6] USC expressly preserves other arguments demonstrating the futility of Plaintiffs' complaint. Had Plaintiffs filed a properly noticed motion, USC would have had the opportunity to meet and confer with Plaintiffs regarding the additional deficiencies in the complaint they attach. And had Plaintiffs not addressed those deficiencies, USC would have raised them in a full opposition.

Plaintiffs simply add an assertion that "USC was and is considered a 'state actor' … as confirmed by the [federal] Task Force's recent intervention and investigation of USC for violating federal antisemitism laws." Dkt. 81-1, ¶ 215. That conclusory non sequitur is insufficient to establish that a private university has acted under color of law so as to be directly subject to the First and Fourteenth Amendments (or through § 1983). *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 936–37 (1982). Similarly, Plaintiffs' new Title VI argument does not even bother to cite to a single allegation in the complaint, and their request to be allowed to "plead whatever claim fits this case because anyone with a conscience knows what is happening at USC today … is wrong and immoral and illegal and unconstitutional" is plainly insufficient. Dkt. 81, at 23.

## CONCLUSION

The Court should grant USC's motion to dismiss with prejudice. Plaintiffs' allegations are poorly pleaded, conclusory, and implausible. Moreover, Plaintiffs have not even attempted to respond to—and have thus conceded—dispositive flaws that doom each of their claims, despite ample opportunity to address these shortcomings. In the alternative, the Court should dismiss Plaintiffs' class allegations. Despite having ample opportunity to do so, Plaintiffs have still not filed a properly noticed motion for leave to file federal claims, which would, in any event, be futile.

Plaintiffs' claims should be dismissed with prejudice and the case should end now.

Dated: April 18, 2025

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
　　Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant University of Southern California, certifies that this brief contains 3,947 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated: April 18, 2025

Respectfully submitted,

JONES DAY

By: */s/ Rasha Gerges Shields*
    Rasha Gerges Shields

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA